# UNITED STATES DISTRICT COURT FOR THE

# MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

Robert Iannucci Perez

Plaintiff,

Case No: 8:26-cv-392-KKM-AAS

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS);

DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS);
in his or her official capacity;

DEPARTMENT OF HOMELAND SECURITY (DHS);

SECRETARY, DEPARTMENT OF HOMELAND SECURITY (DHS);
in his or her official capacity;

DIRECTOR, USCIS CALIFORNIA SERVICE CENTER (DHS),
in his or her official capacity;

Defendants.

## COMPLAINT FOR WRIT OF MANDAMUS AND

## DECLARATORY AND INJUNCTIVE RELIEF

*(Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1); Mandamus Act, 28 U.S.C. § 1361)*

1





**INTRODUCTION**

Plaintiff, by and through this Complaint, respectfully submits this action against Defendants to compel the adjudication of a pending I-290B petition tied to the previous E-2 petition filed with the United States Citizenship and Immigration Services (USCIS). Despite Plaintiff's timely submission of all required documentation, Defendants have failed to act, causing harm that has already materialized and continues to accrue, in violation of their statutory duty under the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 706(1), and the Mandamus Act, 28 U.S.C. § 1361.

The inaction by Defendants has already inflicted substantial and irreparable harm on Plaintiff, including the inability to operate his business entity, loss of potential contracts, layoffs of employees and subcontractors at Plaintiff's business, and adverse consequences to Plaintiff's immigration status. This Complaint seeks a writ of mandamus and injunctive relief to redress the ongoing harm and compel Defendants to adjudicate the pending petition without further delay.

**CAUSES OF ACTION**

Plaintiff asserts the following causes of action:

1. Mandamus relief pursuant to 28 U.S.C. § 1361, based on Defendants' failure to act despite a clear statutory duty, resulting in actual and ongoing harm to Plaintiff;

2. Unreasonable delay in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), emphasizing that the harm to Plaintiff has already occurred due to Defendants' inaction.

**PARTIES**

Plaintiff:

1. **ROBERT IANNUCCI PEREZ,** an individual residing in Florida, is the principal beneficiary of the immigration petition at issue. Plaintiff suffers direct and substantial harm as a result of Defendants' unlawful delay, including ongoing detriment to his immigration status, professional obligations, and personal rights. Plaintiff is also the sole owner of **MAZE CONSTRUCTION SERVICES LLC DBA MCS,** a Florida limited liability company, that is the petitioner associated with the pending E-2 application. Plaintiff is the sole owner and licensed qualifier for the company in which the E-2 investment was made, and has suffered tangible and immediate harm due to Defendants' inaction, including an inability to

lawfully perform his required supervisory role and meet ongoing professional and contractual obligations.

Defendants:

1. **United States Citizenship and Immigration Services (USCIS), a** component of the Department of Homeland Security, charged with adjudicating immigration petitions and applications in accordance with federal law.

2. **Director, U.S. Citizenship and Immigration Services**, in the official capacity, responsible for overseeing the lawful and timely administration of USCIS functions.

3. **Department of Homeland Security (DHS),** the federal agency overseeing USCIS, vested with the authority to ensure compliance with U.S. immigration statutes and regulations.

4. **Secretary, Department of Homeland Security**, in the official capacity, accountable for the administration of DHS, including supervision and oversight of USCIS operations.

5. **Director, California Service Center, USCIS**, in the official capacity, charged with the adjudication of the immigration petition at issue.

**JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1361, which empowers district courts to issue writs of mandamus compelling federal officers to perform nondiscretionary duties owed to a plaintiff. Jurisdiction is also established under the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 706(1), which provides a federal framework for judicial review when an agency fails to act as required by law.

Mandamus is warranted here because Plaintiff faces clear, concrete, and ongoing harm as a direct result of Defendants' failure to fulfill their ministerial duties. The Defendants have a non-discretionary statutory obligation to adjudicate the pending petition, and Plaintiff has no other adequate remedy to obtain timely relief. The inaction has already caused irreparable injury, including the inability to lawfully operate his business, loss of contracts, potential layoffs, and adverse immigration consequences. These harms are fully realized and continuing, making judicial intervention appropriate and necessary.

This Court's jurisdiction is proper because the petition presents a clear case in which federal officers have a mandatory duty, Plaintiff has exhausted available remedies, and the injury is actual and immediate. By granting relief, the Court exercises its authority to enforce compliance with statutory obligations, ensuring

that Plaintiff receives protection against ongoing harm and that the statutory mandate of USCIS is fulfilled. In this context, there is no question that mandamus and APA review are fully applicable and appropriate.

**VENUE**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Defendants are officers of the United States acting in their official capacities, and a substantial portion of the events giving rise to this claim occurred in this District. The Plaintiff resides and conducts all business operations within the Middle District of Florida, and all tangible harm resulting from Defendants' inaction, including lost contracts, inability to lawfully operate his business, and other ongoing damages, has occurred in this District.

This District is the most appropriate and convenient forum because the Plaintiff's personal and business interests are centered here, the consequences of Defendants' nonperformance are directly felt here, and the Middle District of Florida is where judicial relief will most effectively redress the injury. The Court has jurisdiction to hear actions against federal officers acting in their official capacities regardless of where the agency office is located. Moreover, USCIS operates nationwide and adjudicates petitions across the country, which means that

venue in Florida is fully proper and consistent with the agency's nationwide operations.

Maintaining venue in this District ensures that judicial review is practical, equitable, and directly addresses the harms suffered by Plaintiff.

## STATUTORY AND REGULATORY BACKGROUND

### Administrative Procedure Act (APA)

The Administrative Procedure Act, 5 U.S.C. §§ 555(b), 706(1), provides the statutory framework requiring federal agencies to act on petitions and applications within a reasonable time. Courts have consistently held that prolonged, unexplained, or harmful delays constitute agency action unlawfully withheld or unreasonably delayed, even in the absence of a specific statutory deadline. This principle applies directly to the pending Form I-290B, where delay has already caused substantial and ongoing harm to the Plaintiff. Plaintiff has fully exhausted available administrative remedies, including requests for expedited processing, congressional inquiries, and engagement with the USCIS Ombudsman, reinforcing the necessity of judicial intervention.

**Mandamus Act**

28 U.S.C. § 1361 empowers district courts to issue writs of mandamus to compel federal officers to perform non-discretionary duties owed to a plaintiff. Mandamus is proper where the duty is clear, the plaintiff has exhausted available remedies, and the failure to act has inflicted concrete harm. Courts have repeatedly granted mandamus relief in the immigration context where agency inaction obstructs lawful business operations, employment, and other substantial interests, including TRAC v. FCC, 750 F.2d 70 (D.C. Cir. 1984); Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004); and Kim v. Ashcroft, 340 F. Supp. 2d 384 (S.D.N.Y. 2004). Application of the TRAC factors here demonstrates the severity of harm, the absence of competing agency priorities, and the substantial magnitude of injury suffered by Plaintiff.

**USCIS Regulatory Framework**

USCIS regulations require adjudication of E-2 petitions and related motions in accordance with statutory and regulatory obligations. Officers have a mandatory, non-discretionary duty to timely process and adjudicate petitions. Delay is unreasonable where it prevents lawful operation of a business, jeopardizes employment, or causes concrete economic harm, as has occurred here. USCIS's

nationwide operations do not excuse inaction in cases where tangible harm accrues in the Plaintiff's home district.

**Presidential Proclamations and USCIS Policy Guidance Relied Upon by Defendants**

USCIS has already cited PP 10949, PM-602-0192, and PA-2025-26 as the basis for holding Plaintiff's case *(see attached exhibit1, exhibit 2, exhibit 3, exhibit 4)*. Because Defendants rely on these authorities to justify non-adjudication, the Court must understand their scope and limits.

**Dual Nationality and Treaty Eligibility**

Plaintiff Robert Iannucci Perez is a dual national of Venezuela and Italy and sought the underlying E-2 classification based exclusively on Italian nationality, a treaty nationality for E-2 purposes. Presidential Proclamation 10949 itself contains an express exception for dual nationals traveling on a passport issued by a country not designated under the proclamation, reflecting that the proclamation is not intended to operate as a blanket restriction where a non-designated nationality controls the immigration benefit sought.

Accordingly, Defendants' reliance on Venezuelan nationality as a basis to withhold adjudication of an E-2 matter pursued under Italian treaty nationality is legally misplaced. At minimum, USCIS must adjudicate the motion and apply the

governing framework to the nationality under which the benefit is sought; USCIS cannot substitute indefinite inaction for case-specific analysis.

**Entry-Based Restrictions Do Not Govern Domestic Motions**

Presidential Proclamation 10949 is directed to restrictions on entry. The proclamation expressly limits its operative scope to designated-country nationals who (i) are outside the United States on the applicable effective date, and (ii) do not have a valid visa on the applicable effective date. The pending matter is a domestically filed Form I-290B motion before USCIS seeking agency review of a prior decision, not an application for admission or entry into the United States. On the face of the proclamation, the entry-suspension provisions do not supply a lawful basis for USCIS to refuse to adjudicate a domestically pending motion.

**USCIS Admissions of an Indefinite Policy Hold**

In written responses to congressional inquiries, USCIS has acknowledged that the Form I-290B is being held pursuant to PM-602-0192 and PA-2025-26, with USCIS asserting that PM-602-0192 directs an adjudicative hold on pending benefit requests "regardless of entry date" (*see paragraph 2 of exhibit 2*, *see paragraph 2 of exhibit 3*) and that the hold remains in effect until lifted by the USCIS Director (*see paragraph 7 of exhibit 1, see bullet point 3 of exhibit 2, see*

*bullet point 3 of exhibit 3).* USCIS further asserts it is conducting individualized case-by-case assessments and may require interviews that cannot be waived.

These admissions are material. They confirm that the Plaintiff is not challenging the substance of a discretionary decision; Plaintiff is challenging prolonged non-adjudication grounded in an internal "hold" regime with no definite endpoint. The Administrative Procedure Act requires agencies to conclude matters presented to them within a reasonable time, and courts are empowered to compel action unlawfully withheld or unreasonably delayed. An internal hold of indefinite duration, particularly one acknowledged in writing to Congress, does not immunize USCIS from APA and mandamus review.

### USCIS Placement of Plaintiff's Motion on an Indefinite Adjudicatory Hold

USCIS has not merely delayed adjudication of Plaintiff's Form I-290B; it has affirmatively placed the motion on an internal adjudicatory hold of indefinite duration, thereby suspending the adjudication process altogether. In written responses to congressional inquiries, USCIS expressly stated that Plaintiff's Form I-290B is being held pursuant to internal guidance, including PM-602-0192 and PA-2025-26, and that adjudication will not proceed unless and until such hold is lifted by the USCIS Director *(see attached exhibit1, exhibit 2, exhibit 3, exhibit 4).* USCIS did not characterize this posture as ordinary processing, background

review, or workload-related delay, but as a policy-based hold applicable regardless of filing date or procedural posture.

USCIS has further failed to provide Plaintiff with any projected adjudication timeframe, objective criteria governing release from the hold, or mechanism by which Plaintiff may obtain review of the hold determination. Instead, adjudication is contingent on a future, discretionary agency action with no defined endpoint and no obligation to occur within any ascertainable period.

Such an indefinite suspension of adjudication constitutes agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1). When an agency announces that it will not adjudicate a properly filed matter until the occurrence of an indeterminate future event wholly within its own control, the statutory "rule of reason" governing agency delay ceases to apply. In those circumstances, courts routinely distinguish between ordinary delay and an unlawful refusal to act.

Plaintiff is therefore not challenging routine processing times or seeking preferential treatment, but rather USCIS's categorical decision to withhold adjudication without temporal limitation, procedural safeguards, or statutory authorization. This indefinite adjudicatory hold falls squarely within the scope of conduct reviewable under the Administrative Procedure Act and subject to mandamus relief. Although approximately two and a half months have elapsed

since the filing of Plaintiff's Form I-290B, the gravamen of this action is not the passage of time, but USCIS's affirmative decision to suspend adjudication indefinitely, without any projected timeframe or rule governing release from the hold.

Despite repeated follow-up inquiries, USCIS has reaffirmed that Plaintiff's Form I-290B remains on hold and has declined to provide any estimated adjudication date or criteria for release from the hold.

**Limits of Presidential Proclamations and Internal USCIS Guidance**

PP 10949 imposes restrictions and limitations on entry for certain nationals, subject to exceptions and case-by-case waivers. Even where entry restrictions exist, nothing in PP 10949 authorizes USCIS to place a properly filed domestic motion into indefinite administrative limbo rather than issue a decision. The relief sought here remains narrow: an order compelling USCIS to adjudicate the pending Form I-290B, without directing any particular outcome.

USCIS Policy Memorandum PM-602-0192 is internal guidance issued for USCIS personnel. It does not carry the force of law, cannot enlarge the scope of a presidential proclamation, and cannot supersede statutory obligations imposed by the INA or the APA. To the extent PM-602-0192 purports to impose an adjudicative hold on "pending benefit requests" for aliens from countries listed in

13

PP 10949 "regardless of entry date," or based on country of birth or country of citizenship, it cannot be used to override the proclamation's own scope limitations or to displace statutory duties.

USCIS has also cited Policy Alert PA-2025-26 as authorizing consideration of country-specific factors in discretionary analysis for affected requests. Even if such factors may be considered in the course of adjudication, PA-2025-26 does not authorize USCIS to refuse to decide a pending motion. Internal operational guidance, workload considerations, or generalized screening initiatives cannot displace the APA's command that agency matters be concluded within a reasonable time.

**Legal Significance for APA and Mandamus Review**

This subsection addresses redressability and clarifies that the relief sought, adjudication itself, directly remedies the procedural injury caused by USCIS's indefinite non-action.

Defendants cannot defeat this Court's review by invoking PP 10949, PM-602-0192, PA-2025-26, or related proclamations as a justification for non-action. These authorities, even if relevant to the content of a decision in a particular case, do not eliminate USCIS's nondiscretionary duty to render a decision. Plaintiff seeks an adjudication, not a predetermined result. The continued

14

failure to adjudicate Plaintiff's Form I-290B therefore constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1), and supports mandamus relief under 28 U.S.C. § 1361.

Defendants may contend that compelling adjudication of Plaintiff's Form I-290B would not fully remedy Plaintiff's circumstances because adjudication does not guarantee approval or confer any particular immigration benefit. That argument misunderstands the nature of mandamus and APA relief. Plaintiff does not allege entitlement to a favorable outcome, but rather challenges USCIS's ongoing refusal to adjudicate a properly filed motion.

The injury alleged here is procedural and jurisdictional: indefinite non-adjudication deprives Plaintiff of a final agency action and forecloses access to the statutory and judicial remedies Congress has provided. A decision on the Form I-290B, whether favorable or unfavorable, would constitute legally cognizable relief because it would terminate agency inaction, clarify Plaintiff's legal posture, and permit the pursuit of further administrative or judicial review as authorized by law.

Accordingly, the relief sought in this action would materially redress Plaintiff's injury by ending USCIS's indefinite adjudicatory hold and restoring the adjudicative process required by statute. Mandamus and APA relief are therefore

15

appropriate even where the ultimate substantive outcome of the underlying motion remains within the agency's discretion.

## Factual Background

### Parties

1. Plaintiff: Robert Iannucci Perez, dual national of Italy and Venezuela, Florida resident, and certified general contractor applying as beneficiary to the immigration benefit in question as an Italian treaty investor.

2. Related Business Entity: Maze Construction Services LLC DBA MCS, a Florida-based business engaged in construction and contracting services, owned by Plaintiff and referenced for factual context only.

3. Defendants: United States Citizenship and Immigration Services (USCIS); Director of USCIS; Department of Homeland Security; Secretary of DHS; Director, California Service Center, USCIS.

### Petition History

1. September 18, 2025: USCIS received Form I-129 (E-2 Treaty Investor petition) for Plaintiff Beneficiary with premium processing.

2. October 8, 2025: USCIS issued a Request for Evidence with a January 5, 2026 response deadline.

3. October 24, 2025: Request for Evidence response was mailed to USCIS with expedited shipping.

4. November 17, 2025: USCIS issued a denial of Form I-129.

5. November 25, 2025: USCIS emailed a denial notice with explanation for denial after the notice was not received via mail *(exhibit 4)*..

6. December 4, 2025: Plaintiff timely filed Form I-290B (Motion to Reopen and/or Reconsider) with substantial legal briefing and supporting documentation.

7. December 5, 2025: USCIS issued a receipt notice for Form I-290B.

8. December 17, 2025: Receipt with the receipt number for I-290B was received via mail by defendants *(exhibit 5)*.

9. December 17, 2025: A service item request for a tier 2 officer contact was created by USCIS call center; no contact had been made at time of filing.

10. December 19, 2025: USCIS received a request for expedite with evidence showing irrevocable financial harm and clear USCIS error referencing the receipt number for the motion; no adjudication has been issued by filing date of this suit.

11. January 13, 2026: USCIS submitted a service item request to a tier 2 officer for expedited request adjudication; no adjudication or contact from officer has occurred by filing date.

**Administrative Efforts**

1. Two expedite requests were submitted to USCIS with relevant evidence and assistance from USCIS telephone service center.

2. Congressional inquiries filed with offices of Senator Ashley Moody and Congresswoman Laurel Lee; responses acknowledged the delay. USCIS response erroneously references the Beneficiary's Venezuelan nationality and a presidential order halting immigration benefits for Venezuelan nationals, ignoring the Beneficiary's Italian nationality under which the E-2 visa was applied and thus satisfies the nationality exemption to that order. [Moody Congress inquiry submission date: December 23, 2025; Lee Congress Inquiry submission date: January 7, 2026; USCIS Response to Moody inquiry date: January 6 *(exhibit 1)*., 2026; USCIS Response to Lee inquiry date: January 20, 2026 *(exhibit 3)*.]

3. Follow-up congressional inquiries clarifying USCIS error in ignoring Italian nationality and dual national exemption for application of visa freeze; inquiries either remain unanswered as of filing or provided no new

information. [Moody Congressional follow-up inquiry submission date: January 8, 2026; Lee Congressional follow-up inquiry submission date: January 21, 2026][ USCIS Response to Moody follow up inquiry date: January 28th 2026 *(exhibit 3)*.; Lee Congressional follow up inquiry remains unanswered at the time of this filing .]

4. January 13, 2026: Request for assistance submitted to USCIS Office of the Ombudsman, no contact has been received from the Ombudsman's office at the time of this filing.

5. January 22, 2026: Attorney demand letter sent via certified mail giving notice to take action or face litigation.

6. January 28, 2026: A complaint was filed with the Office of the Inspector General for the United States Department of Homeland Security.

7. Multiple calls with USCIS call center informing of urgency and attempting mediation from date of initial notice through filing.

**The Defendants self-referenced timelines:**

1. For adjudication on I-290B forms: No timelines are provided.

2. For adjudication on expedite requests: 10 calendar days from date of filing.

3. For contact from tier 2 officer on request submitted on December 17, 2025: Up to 30 calendar days from the date of request.

4. For contact from tier 2 officer on expedite request filed on January 13, 2026: Up to 10 calendar days from date of request.

5. For Ombudsman office to assign a case to an officer: Up to 14 business days after date of filing.

6. For E-2 I-129 application adjudications with premium processing: Up to 15 business days from date of filing.

7. For beneficiary response deadline for RFE: Up to 12 weeks from date of issuance of RFE.

8. For adjudication on RFE response sent: Up to 15 business days from date of USCIS receipt of response.

**Impact and Prejudice**

1. USCIS inaction has caused and continues to cause substantial operational and economic harm to the Plaintiff's investment.

2. Construction projects are stalled due to Plaintiff's inability to lawfully supervise and direct licensed operations.

3. Employees and subcontractors of the Plaintiff face potential layoffs.

4. Delays threaten contractual obligations, client relationships, and professional liability exposure.

5. Plaintiff's E-2 immigration status and ability to engage in treaty-based investor activities are impaired.

6. The delay has caused tangible financial harm, including potential breach of contracts and interruption of active business projects, demonstrating the necessity for mandamus relief.

7. The dual nationality clarification and USCIS acknowledgment of delay underscore the unlawful withholding of adjudication.

8. Plaintiff's inability to comply with Florida licensing regulations due to USCIS inaction highlights immediate and irreparable harm.

9. Actual agency response times have far exceeded the defendants' self-referenced timelines, further demonstrating the unreasonable delay and need for judicial intervention.

**Initial E-2 Denial Error**

On September 18, 2025, the petitioning employer company submitted Form I-129, Petition for a Nonimmigrant Worker, seeking E-2 Treaty Investor classification and a change of status on behalf of Robert Iannucci Perez, with

21

premium processing requested. USCIS issued a Form I-797C confirming receipt on that date. At all relevant times, the 2021 Venezuela Temporary Protected Status (TPS) designation remained fully in effect.

At the time of filing, the Beneficiary had been lawfully admitted to the United States in F-1 nonimmigrant status on January 5, 2021, and thereafter maintained lawful status through F-1, OPT, and STEM-OPT authorization in full compliance with applicable regulations. In parallel, the Beneficiary was a duly registered TPS beneficiary under the 2021 Venezuela designation, which remained valid through November 7, 2025. By operation of law, and pursuant to INA § 244(f)(4), the Beneficiary was statutorily deemed to be "in, and maintaining, lawful status as a nonimmigrant" for purposes of change of status under INA § 248 at the time the petition was filed.

On November 17, 2025, USCIS issued a written denial of the Form I-129. Critically, the denial did not dispute any of the substantive E-2 eligibility requirements. USCIS did not challenge the legitimacy of the enterprise, the qualifying nationality, the substantiality of the investment, the real and operating nature of the business, or the Beneficiary's intent and capacity to direct and develop the enterprise. Nor did USCIS dispute the Beneficiary's prior lawful admission to the United States or his compliance with nonimmigrant requirements.

22

Instead, the denial rested exclusively on a single legal conclusion: that a beneficiary of Temporary Protected Status is not in a qualifying nonimmigrant status for purposes of seeking a change of status under INA § 248. By denying the petition solely on this basis, USCIS implicitly acknowledged that all other statutory and regulatory requirements for E-2 classification were satisfied.

That conclusion was legally erroneous. Congress expressly provided in INA § 244(f)(4) that, for purposes of adjustment of status under INA § 245 and change of status under INA § 248, a TPS beneficiary "shall be considered as being in, and maintaining, lawful status as a nonimmigrant" during the period in which TPS is granted. This language is mandatory, unambiguous, and leaves no discretion to disregard TPS for change-of-status purposes. USCIS failed to give effect to this controlling statutory command.

The denial further disregarded binding authority, including Sanchez v. Mayorkas, 141 S. Ct. 1809 (2021), and Matter of H-G-G-, 27 I&N Dec. 617 (AAO 2019), which confirm that while TPS does not itself constitute an admission, it does confer lawful nonimmigrant status for specific statutory purposes expressly enumerated by Congress, including eligibility for change of status under INA § 248. The denial conflated the concept of admission with lawful status, despite clear statutory and precedential distinctions.

23

USCIS likewise failed to reconcile its decision with its own published guidance and form instructions, which contemplate that TPS beneficiaries may request changes of nonimmigrant status when statutory requirements are met. By treating TPS as legally irrelevant to change-of-status eligibility, USCIS applied an interpretation that is contrary to statute, controlling precedent, and agency guidance.

As a direct and foreseeable consequence of this legally mistaken denial, the Plaintiff was compelled to file Form I-290B, Motion to Reopen and Reconsider, on December 4th, 2025. That motion squarely challenges USCIS's statutory misinterpretation and seeks correction of a purely legal error. The motion remains pending. USCIS's continued failure to act has prolonged the effects of its initial error and continues to inflict substantial and ongoing harm on the Plaintiff.

**COUNT I – UNREASONABLE DELAY (APA, 5 U.S.C. § 706(1))**

**Introduction**

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. Plaintiff brings this Count to compel the adjudication of the pending Form I-290B under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), due to USCIS's unreasonable delay in performing its non-discretionary duty.

**Legal Standard**

Under the APA, a court shall compel agency action unlawfully withheld or unreasonably delayed. Courts consider factors articulated in *Telecommunications Research & Action Center v. FCC* (TRAC), 750 F.2d 70 (D.C. Cir. 1984), including:

1. The time agencies normally take to make decisions in similar cases.

2. The effect of expediting delayed action on agency priorities.

3. The interests prejudiced by delay, particularly when immediate human, financial, or business consequences exist.

4. The nature and extent of the harm caused by the delay.

5. Whether the agency's inaction is the result of shifting priorities or a systemic failure to act.

**Application to Plaintiff's Case**

1. **Clear Right to Action**: Plaintiff has a properly filed Form I-290B, supported by extensive documentation, legal briefing, and evidence of substantial prejudice from USCIS inaction.

2. **Agency Duty**: USCIS is legally obligated to adjudicate petitions and motions in a reasonable time, even if no specific statutory deadline exists.

The unreasonable delay here constitutes a failure to perform a ministerial duty under 5 U.S.C. § 555(b) and is subject to judicial review under 5 U.S.C. § 706(1).

3. **Unreasonable Delay**: Despite multiple administrative efforts, including congressional inquiries, expedited requests, Ombudsman submission, a US DHS Office of the Inspector General complaint, and an attorney demand letter, USCIS has failed to adjudicate the motion. While USCIS does not provide formal timelines for I-290B adjudications, Defendants' internal guidance for related actions (such as expedited requests and Tier 2 inquiries) suggests adjudication timelines far shorter than the actual delay experienced by Plaintiff, demonstrating unreasonable delay. Furthermore, the mere fact that the Plaintiff is already suffering concrete, ongoing harm, combined with the absence of any official adjudication timeline, independently establishes that the delay is unreasonable and warrants immediate judicial intervention. This unreasonable delay is further compounded by USCIS's placement of Plaintiff's Form I-290B on an indefinite adjudicatory hold with no defined endpoint, as alleged supra, rendering ordinary processing timelines and passage-of-time comparisons inapplicable

4. **Prejudice and Harm**: The delay has caused and continues to cause substantial operational, financial, and legal harm. Plaintiff, through the company he owns and manages, has two active Continuing Service Agreements providing services to other contractors and is associated with three active construction permits, all of which are impacted by the inability to operate at full capacity. The harm is immediate, concrete, and irreparable.

5. **TRAC Factors**: Applying TRAC factors confirms the delay is unreasonable:

   o   Normal processing time far exceeded.

   o   Expedited adjudication would not materially disrupt agency priorities.

   o   The harm is significant, tangible, and ongoing.

   o   The inaction is directly traceable to USCIS failure, not Plaintiff's.

6. **Exhaustion of Remedies**: Plaintiff has exhausted all available administrative remedies, including congressional inquiries, Ombudsman requests, expedited requests, OIG complaints, and formal attorney demand letters, demonstrating that mandamus relief is necessary.

7. **No Adequate Alternative Remedy**: There is no other adequate remedy available for Plaintiff to compel adjudication, establishing the appropriateness of judicial intervention under 5 U.S.C. § 706(1).

**Conclusion**

By reason of the foregoing, Plaintiff has established entitlement to relief under the APA for unreasonable delay. Plaintiff respectfully requests that this Court compel USCIS to adjudicate the pending Form I-290B without further delay.

**COUNT II – MANDAMUS (28 U.S.C. § 1361)**

**Introduction**

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. Plaintiff brings this Count to compel Defendants to perform their non-discretionary duty of adjudicating the pending Form I-290B under the Mandamus Act, 28 U.S.C. § 1361.

**Legal Standard**

Mandamus relief is appropriate where a plaintiff demonstrates:

1. A clear right to the relief sought.

2. A plainly defined and ministerial duty on the part of the defendant to act.

3. No other adequate remedy available.

See *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004); *Kim v. Ashcroft*, 340 F. Supp. 2d 384 (S.D.N.Y. 2004).

**Application to Plaintiff's Case**

1. **Clear Right to Action**: Plaintiff submitted a properly filed Form I-290B, with complete documentation and legal briefing. Plaintiff has a legally protected right to have his petition adjudicated within a reasonable time, as further demonstrated in Count I, which establishes the unreasonable delay by USCIS.

2. **Defendant's Duty**: USCIS has a ministerial duty to adjudicate motions once properly filed. The delay in adjudicating Plaintiff's motion constitutes a failure to perform this non-discretionary duty, as demonstrated by the ongoing harm and absence of any official adjudication timelines. This duty is purely ministerial and does not depend on the substantive outcome of the motion.

3. **No Adequate Alternative Remedy**: Plaintiff has exhausted all administrative remedies, including congressional inquiries, expedite requests, Ombudsman submissions, OIG complaints, and formal attorney demand letters. No alternative mechanism exists to compel USCIS to act.

4. **Concrete Harm Reinforcing Necessity of Mandamus**: The ongoing operational, financial, and legal harm described in Count I demonstrates that the delay is materially injurious. The continued impairment of Plaintiff's

business operations, including active service agreements and construction permits, underscores the necessity of immediate judicial intervention. The TRAC factors, as discussed in Count I, further confirm that this delay is unreasonable and irreparable, and immediate action is necessary to prevent further harm to Plaintiff's business and legal obligations.

5. **Judicial Authority to Compel Agency Action**: Under 28 U.S.C. § 1361 and binding precedent, this Court has authority to compel a federal agency to perform a clear, non-discretionary duty. Courts recognize that even when an agency possesses some discretionary powers, mandamus is appropriate where delays cause concrete harm. Because Plaintiff has a clear right, USCIS has a ministerial duty, and no other adequate remedy exists, the Court may properly order immediate adjudication of the pending Form I-290B. Prompt adjudication is further consistent with the statutory intent of the E-2 program to facilitate lawful investment activities.

**Conclusion**

For the reasons set forth above, Plaintiff has satisfied all elements required for mandamus relief under 28 U.S.C. § 1361. Plaintiff respectfully requests that this Court compel Defendants to immediately adjudicate the pending Form I-290B.

## IRREPARABLE HARM / PREJUDICE

## Introduction

Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein. This section details the ongoing and irreparable harm suffered by Plaintiff as a direct result of Defendants' unreasonable delay in adjudicating the pending Form I-290B.

## Operational and Business Impacts

1. Plaintiff's business operations have been materially impaired. The delay prevents Plaintiff from actively managing and directing construction projects, including two continuing service agreements with other contractors and three active construction permits.

2. The inability to perform legally required oversight jeopardizes compliance with Florida licensing laws and exposes Plaintiff to potential regulatory or contractual liability.

3. Operational paralysis has affected staffing, subcontractor engagement, and project timelines, creating financial and reputational risks.

**Financial Impacts**

1. Plaintiff faces lost revenue opportunities due to the inability to perform ongoing contracts.

2. Disruption of cash flow has caused economic strain on the Plaintiff's business, employees, and subcontractors, exacerbating harm to all stakeholders involved.

**Legal and Immigration Impacts**

1. The initial denial of the Form I-129, which was legally and factually contestable, significantly delayed the Plaintiff's ability to conduct business and fulfill licensing obligations.

2. USCIS's continued inaction exacerbates operational and legal risks, including potential noncompliance with licensing and contractual obligations, thereby compounding harm caused by the initial denial.

**Necessity of Immediate Judicial Relief**

1. The harm described above is ongoing, concrete, and cannot be remedied by monetary damages alone.

2. Immediate adjudication of Form I-290B is required to prevent further irreparable damage to Plaintiff's business operations, legal obligations, and immigration status.

## Conclusion

For the reasons set forth above, the Plaintiff respectfully submits that the ongoing harm and prejudice caused by Defendants' delay justifies immediate judicial intervention, including issuance of a writ of mandamus and/or other appropriate relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. 1. Issue a writ of mandamus compelling Defendants to adjudicate the pending Form I-290B filed by Plaintiff without further delay, within a timeframe deemed appropriate by the Court, and without directing any particular substantive outcome;

2. Grant any injunctive or declaratory relief necessary to prevent further irreparable harm to Plaintiff's business operations, licensing obligations, and legal rights;

3. Plaintiff reserves the right to seek reasonable attorneys' fees and costs in the future if Defendants continue to delay or refuse adjudication, without requesting such fees at this time;

4. Grant such other and further relief as the Court may deem just and proper.

## SIGNATURE BLOCK & VERIFICATION

Respectfully submitted,

Robert Iannucci Perez, Pro Se

Plaintiff


Mailing Address:

10920 N 29th St, Tampa, FL 33612

(754) 317-0643

robert@mazecs.net


I, Robert Iannucci Perez, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Executed on this 11th day of February, **2026**