**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT IANNUCCI PEREZ,

     Plaintiff,

v.                                                                          Case No. 8:26-cv-392-KKM-AAS

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES
et al.,

     Defendant.

_____

**<u>ORDER</u>**

Robert Iannucci Perez seeks a preliminary injunction requiring the United States Citizenship and Immigration Services (USCIS) to adjudicate his request to reopen or reconsider its denial of his E-2 visa petition. *See* Am. Mot. PI (Doc. 10); Am. Compl. (Doc. 9). USCIS had put Perez's request on an adjudicative hold in response to presidential proclamations that restricted visas for Venezuelan nationals. In response to the suit, USCIS lifted the hold and reopened the underlying petition, which is now pending. USCIS moves to dismiss the case for mootness, *see* MTD (Doc. 29), and Perez objects, Resp. (Doc. 30). For the reasons below, I grant the motion to dismiss. I deny Perez's motion for a preliminary injunction as moot and dismiss Perez's complaint with leave to amend.

## I.     BACKGROUND

Robert Iannucci Perez is a dual national of Venezuela and Italy. Am. Compl. ¶ 24. Perez resides in Florida, where he owns Maze Construction Services, LLC. *Id.* ¶¶ 7, 17. Over the last nineteen years, Perez has obtained status in the United States through several different visa programs. *See* Am. Mot. PI ¶ 19. On January 5, 2021, Perez was "lawfully admitted . . . in F-1 nonimmigrant status" and "maintained lawful status through F-1, OPT, and STEM-OPT authorization." Am. Compl. ¶ 71. Perez was also a "registered [Temporary Protected Status (TPS)] beneficiary under the 2021 Venezuela designation, which remained valid through November 7, 2025." *Id.*

On September 18, 2025, Maze Construction submitted a Form I-129 Petition for a Nonimmigrant Worker ("E-2 visa petition"), which sought to change Perez's status through an E-2 Treaty Investor classification based on his Italian nationality. *Id.* ¶¶ 24, 70. The E-2 classification "encourage[s] foreign nationals from treaty countries to invest capital in the United States, actively direct and develop U.S. businesses, and employ U.S. workers." Demand Letter (Doc. 10-3) at 6; *see Thompson v. United States Dep't of Homeland Sec.*, No. 8:24-CV-349-KKM-AAS, 2024 WL 5247890, at *2–4 (M.D. Fla. Dec. 30, 2024) (summarizing the E-2 classification process). According to Perez, less than a month later, USCIS erroneously denied the E-2 visa petition based on the conclusion "that a beneficiary of [TPS] is not in a qualifying

2

nonimmigrant status for purposes of seeking a change of status under [Section 248 of the Immigration and Nationality Act (INA)]." Am. Compl. ¶¶ 72–73.

On December 4, 2025, Perez filed a Form I-290B "Motion to Reopen and Reconsider" the decision with USCIS. *Id.* ¶¶ 73–77. The I-290B is the mechanism for an affected party to challenge the denial of an E-2 visa petition. *See id.* ¶ 77; De Vera Decl. (Doc. 29-1) ¶ 4; *Form I-290B Instructions*, OMB No. 1615-0095 (May 31, 2024), https://perma.cc/CXF7-CC62.

USCIS distinguishes between a motion based on new facts, called a "motion to reopen," and one based on legal error, called "a motion to reconsider." 8 C.F.R. §§ 103.5(a)(2), (3). A movant may move on either or both grounds. *See I-290B Instructions* at 5. Federal regulations instruct movants to support a motion to reopen "by affidavits or other documentary evidence," and motions to reconsider "by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy." 8 C.F.R. §§ 103.5(a)(2), (3).

Although Perez refers to his I-290B as a "Motion to Reopen and Reconsider" and a "Motion to Reopen and/or Reconsider," *see, e.g.*, Am. Compl. ¶¶ 34, 40, 77, he describes the motion as raising legal, not factual, objections. *See id.* ¶¶ 74–75 (describing the I-290B as arguing that the denial violated "unambiguous" statutory language classifying a TPS beneficiary as a nonimmigrant "for change-of-status purposes" and contradicted precedential

3

decisions). According to Perez, "[i]n adjudicating the Form I-290B, [USCIS] ha[s] the option to approve the underlying [E-2 visa] petition, deny it, or reopen and continue the adjudicatory process without issuing a final determination." Resp. at 2. It is not clear whether these options apply to both petitions to reopen and petitions to reconsider. *See* 8 C.F.R. § 103.5(a)(4) (explaining USCIS's options in considering a motion to reopen but not a motion to reconsider).

In any event, after filing his I-290B motion, Perez did not hear back right away. To expedite adjudication, Perez contacted USCIS and its Ombudsman, filed a complaint with the Department of Homeland Security Office of the Inspector General, and "submitted [four] congressional inquiries." Perez Decl. (Doc. 10-2) ¶ 7.

On January 6, 2026—about a month after Perez filed Form I-290B— USCIS responded to an inquiry from Senator Ashley Moody and explained that, under a recent policy memorandum, USCIS had imposed an "adjudicative hold" on benefits applications of individuals from certain countries pending "a comprehensive national security review." USCIS Letter (Doc. 9-2) at 2. USCIS had issued the policy in response to Presidential Proclamations 10949 and 10998, which restricted visa processing for individuals from more than a dozen countries, including Venezuela. *See id.*; Proclamation No. 10949, 90 Fed. Reg. 24497, 24499–502 (June 4, 2025) (suspending "[t]he entry into the United States of nationals of Venezuela as immigrants, and as nonimmigrants on B–

1, B–2, B–1/B–2, F, M, and J visas"); Proclamation No. 10998, 90 Fed. Reg. 59717, 59722 (continuing the limitations on Venezuelan nationals "as set forth in Proclamation 10949"). On January 20, 2026, counsel for Perez sent a demand letter to USCIS and other government agencies. *See* Demand Letter at 2. He argued that USCIS froze his Form I-290B in error because the presidential proclamations do not apply to dual nationals of unrestricted countries. *See id.* at 4–5. USCIS did not lift the hold.

On February 11, 2026, proceeding pro se, Perez filed a complaint and motion for a preliminary injunction, and amended both a week later. *See* Compl. (Doc. 1); Mot. (Doc. 3); Am. Compl.; Am. Mot. The amended complaint alleges that USCIS's "continued placement of [his] [I-290B] on an indefinite adjudicatory hold constitutes agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. § 706(1) and a violation of a "nondiscretionary duty" warranting mandamus relief. Am. Compl. ¶¶ 78, 108. Perez argues that the hold is unlawful because the proclamations provide exceptions from the visa restrictions for dual nationals. *Id.* ¶¶ 86–88. Proclamation 24503 explicitly excepts "any dual national" of a non-restricted country "when the individual is traveling on a passport issued by [the non-restricted country]." 90 Fed. Reg. at 24503; *see* 90 Fed. Reg. at 59727 (same). The pleadings seek to compel USCIS to adjudicate the Form I-290B and allege irreparable harm from the lack of adjudication, including removal proceedings

"premised on the unresolved denial."[1] Am. Compl. ¶¶ 107–108; Am. Mot. at 9; (Doc. 24) ¶ 12.

In early March, Perez and USCIS jointly moved to hold the motion for a preliminary injunction in abeyance and amend the briefing schedule "to allow the agency an opportunity to review and possibly adjudicate Plaintiff's pending Form I-290B." Jt. Mot. (Doc. 26) at 2. The Court granted the motion. (Doc. 27).

Thereafter, USCIS "granted Plaintiff's Form I-290B . . . and reopened his underlying Form I-129 Petition," which "is now pending." MTD at 1. USCIS moves to dismiss the case as moot. *Id.* at 2–3.

## II.    LEGAL STANDARDS

"The Constitution grants federal courts jurisdiction to decide 'Cases' or 'Controversies.'" *FBI v. Fikre*, 601 U.S. 234, 240 (2024) (quoting U.S. CONST., art. III, §§ 1, 2). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (per curiam) (quoting *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

---

[1] The Department of Homeland Security (DHS) initiated removal proceedings on February 20, 2026, and scheduled a hearing for August 10, 2026. Supp. Memo. (Doc. 24) ¶ 12.

*Powell v. McCormack*, 395 U.S. 486, 496 (1969). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336. In other words, for a case to be live, a federal court must be able to "provide redress in some palpable way." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). To determine whether a case is moot, a court must consider each form of relief that the plaintiff seeks. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 115 F.4th 1266, 1283–86 (11th Cir. 2024).

## III.  ANALYSIS

USCIS moves to dismiss Perez's complaint and deny his motion for a preliminary injunction as moot. *See* MTD. Perez counters that the case remains live because USCIS has merely reopened—not adjudicated—the underlying E-2 visa petition, and that the voluntary cessation doctrine applies to his claims. *See* Resp. at 2.[2] Because USCIS has given Perez the relief sought in the complaint, this action is moot.

---

[2] Perez also invokes the "collateral consequences" exception to mootness, but does not explain how or why it applies in this context. *See* Resp. at 15, 26. Accordingly, I do not address this argument. *Cf. Crain v. Sec'y, Dep't of Corr.*, No. 8:12-CV-0322-KKM-AAS, 2022 WL 20472602, at *19 (M.D. Fla. Sept. 30, 2022) ("[O]n appeal, a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'" (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014))).

First, Perez avers that the "adjudication of the Form I-290B" does not "resolve[] the relief sought in this action" because "no final agency action has been issued on the underlying petition." Resp. at 3. He contends that "[o]nce Defendants reopened the petition, completion of adjudication necessarily shifted to the underlying petition." Resp. at 3. But Perez's pleadings do not concern adjudication of the underlying E-2 visa petition. *See* Am. Compl. ¶ 77 (insisting that Perez seeks "adjudication of [the Form I-290B] motion only"). To the extent that the complaint seeks "such other and further relief as the Court may deem just and proper," the " 'mere incantation of such boilerplate language' cannot change the nature of relief sought," *Warren v. DeSantis*, No. 23-10459, 2025 WL 63486, at *1 n.1 (11th Cir. Jan. 10, 2025) (per curiam) (quoting *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1526 n.12 (11th Cir. 1994)); *see also Culley v. Marshall*, 601 U.S. 377, 384 n.1 (2024) (focusing on the "requested relief" in determining whether a case is moot). While the motion for a preliminary injunction alleges harm from "the lack of final agency action," *id.* ¶ 77, it does not request action on the underlying petition, and Perez points to no authority to show that "adjudication" of a motion to reopen requires adjudication of the underlying petition. *See* Resp. at 19–20. And, of course, any order granting relief based on a motion for preliminary injunction cannot exceed the relief that the party would be entitled to had the party secured a final judgment. *See, e.g., Gomez v. United States*, 899 F.2d 1124, 1127 (11th

Cir. 1990) ("Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party."); *Piras v. Dir., Texas Serv. Ctr.*, No. 8:24-CV-2855-KKM-LSG, 2025 WL 2208195, at \*2 (M.D. Fla. Aug. 4, 2025); *cf. De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). So absent the complaint seeking adjudication on the underlying petition, the preliminary injunction motion cannot properly request that relief for Perez either.

USCIS has lifted the hold, *see* MTD, thereby redressing the wrong alleged in the pleadings. "Because [Perez] ha[s] already been provided the precise relief [he] seeks (the adjudication of [Perez's] Form I-290B), there is no injury left for the Court to redress." *See Bana v. U.S. Citizenship & Immigr. Servs.*, 762 F. Supp. 3d 720, 727 (N.D. Ill. 2025) (dismissing as moot claims against USCIS after it granted the plaintiffs' motion to reopen and reconsider); *Markandu v. Thompson*, No. 07-CV-4538, 2008 WL 11510675, at \*3 (D.N.J. June 11, 2008) ("Federal courts have found that claims are moot or unripe in immigration mandamus actions to compel action by an agency once the agency begins to spin its bureaucratic cogs toward decision.").

Just as the specific relief sought in a complaint does not "shift" without amendment, neither does the legal basis to invoke the Court's authority. As it

stands, Perez's claims center on the adjudicative hold. *See, e.g.*, Am. Mot. PI ¶ 8 (distinguishing Perez's case from an "ordinary processing delay" because of the "indefinite suspension of adjudication" of his I-290B motion). But Perez's response raises theories distinct from the adjudicative hold. For example, Perez argues that when USCIS granted the motion to reconsider, it should have simultaneously rendered a final decision on his petition because both actions depend on concluding that the underlying rejection was legally erroneous. *See* Resp. at 19–20. He alleges that "[b]y reopening the petition, Defendants necessarily undertook review of that legal determination and set aside the only stated basis for the denial [of the E-2 visa petition]." *Id.* at 19. Thus, according to Perez, "reopening reflects that the agency itself identified an issue with the prior decision, yet instead of proceeding to a final determination on that same discrete issue, the process has been returned to an unresolved state without explanation." *Id.* at 19–20. In amending his complaint, Perez should clarify the basis for this argument, the source of my jurisdiction to resolve this question, and whether his I-290B petition was solely a motion to reconsider or also a motion to reopen.

Perez also invokes the "voluntary cessation" exception to the mootness doctrine. *See* Resp. at 13. "[C]ourts have long recognized that defendants cannot moot a case and avoid litigation simply by ceasing its conduct once a complaint is filed." *Health Freedom Def. Fund v. President of United States*, 71

F.4th 888, 892 (11th Cir. 2023). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

Perez argues that USCIS has not "carried [its] burden of showing that the challenged conduct cannot reasonably be expected to recur." Resp. at 7. While ordinarily the burden rests on "the party responsible for the allegedly illegal conduct," courts "take a somewhat different approach when a *governmental entity* voluntarily ceases the challenged action." *Djadju v. Vega*, 32 F.4th 1102, 1108 (11th Cir. 2022). Instead, "there is a presumption that the government will not later resume the action." *Id.* (citation modified). Thus, the burden is on Perez to "show a reasonable expectation that the government will reverse course." *Id.* (citation modified). Courts examine three nonexclusive factors, "including whether: (i) the change in conduct resulted from substantial deliberation or is merely an attempt to manipulate jurisdiction; (ii) the government's decision to terminate the challenged conduct was unambiguous, i.e., permanent and complete; and (iii) the government has consistently maintained its commitment to the new policy or legislative scheme." *Id.* at 1109. "[A] court should find a case moot 'when the totality of the circumstances persuades the court that there is no reasonable expectation that the

11

government entity will reenact the challenged policy.' " *Id.* (quoting *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1268 (11th Cir. 2020)).

Perez argues that it is reasonable to expect USCIS to impose the same adjudicative hold on his E-2 visa petition that it placed on his Form I-290B, and USCIS neither responds nor clarifies whether it has done so. *See* Resp. at 7; MTD at 1 (describing Perez's E-2 visa petition as "now pending," but not clarifying whether that means the petition is subject to the same hold).

Even if Perez's argument were meritorious, it goes beyond the requested relief in his complaint. He may amend accordingly.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1.   The Motion to Dismiss (Doc. 29) is **GRANTED**.

2.   The Amended Motion for a Preliminary Injunction (Doc. 10) is **DENIED** as moot.

3.   The Amended Complaint (Doc. 9) is **DISMISSED** without prejudice. Perez may file an amended complaint no later than **May 7, 2026**.

**ORDERED** in Tampa, Florida, April 23, 2026.

Kathryn Kimball Mizelle
United States District Judge

12