May 19, 2026

**U.S. Department of Homeland Security**

U.S. Citizenship and Immigration Services

California Service Center

2642 MICHELLE DRIVE

TUSTIN, CA 92780

MAZE CONSTRUCTION SERVICES LLC - DBA
MCS
c/o VICTOR BADELL
BADELL OFFICES LLC
3408 W 84TH STREET
HIALEAH, FL 33018



U.S. Citizenship
and Immigration
Services

IOE0933710835



Form I-129, Petition for a Nonimmigrant Worker



## NOTICE OF INTENT TO DENY

You, ROBERT IANNUCCI PEREZ , filed Form I-129, Petition for a Nonimmigrant Worker with
U.S. Citizenship and Immigration Services (USCIS), seeking E-2 nonimmigrant classification under
section 101(a)(15)(E)(ii) of the Immigration and Nationality Act (INA) and section 214.2(e) of the
Title 8, Code of Federal Regulations (8 CFR) through your investment intoMAZE CONSTRUCTION
SERVICES LLC - DBA MCS . You are applying to qualify yourself as a treaty investor.

You have indicated on the Form I-129 that you invested in MAZE CONSTRUCTION SERVICES
LLC - DBA MCS and are applying to qualify yourself as a treaty investor. MAZE CONSTRUCTION
SERVICES LLC - DBA MCS is a TAMPA , FL , enterprise engaged in general contracting and
construction consulting services with zero employees and a gross annual income of $45,635.00.

Based upon a review of the initial record of evidence for eligibility, USCIS could not determine
whether you had established eligibility for the benefit sought. Accordingly, USCIS issued a Request
for Evidence (RFE) on October 08, 2025. On October 27, 2025, you submitted a response. On
November 17, 2025, USCIS denied the petition. On March 19, 2026, USCIS reopened the denial of
the petition on its own motion to address legal issues that will be detailed further below.

USCIS has reviewed the initial record of evidence in accordance with the INA and 8 CFR and
determined that the evidence presented does not establish eligibility for E-2 classification.
Accordingly, USCIS intends to deny the petition.

### Solely to Develop and Direct

The first issue to be discussed is whether you have established that you have the necessary control to
develop and direct the enterprise.

8 CFR § 214.2(e)(2) provides for classification as a treaty investor as follows:

> Treaty investor. An alien, if otherwise admissible, may be classified as a nonimmigrant treaty
> investor (E-2) under the provision of section 101(a)(15)(E)(ii) of the Act if the alien:

(ii) Is seeking entry solely to develop and direct the enterprise . . .

8 CFR § 214.2(e)(16) defines "solely to develop and direct" as follows:

> Solely to develop and direct. An alien seeking classification as a treaty investor (or, in the case of an employee of a treaty investor, the owner of the treaty enterprise) must demonstrate that he or she does or will develop and direct the investment enterprise. Such an applicant must establish that he or she controls the enterprise by demonstrating ownership of at least 50 percent of the enterprise, by possessing operational control through a managerial position or other corporate device, or by other means.

Moreover, the preamble to the USCIS regulations states:

> [I]t should be noted that, because of the requirement that a treaty investor be entering "solely to develop and direct" the operations of an enterprise, an alien who is seeking admission in order to engage primarily in skilled or unskilled labor will be ineligible for E nonimmigrant visa classification. Such an investor may, however, perform "hands on" duties, provided they are purely incidental to his or her developing and directing the operations of the enterprise.

> Fed. Reg. 48138, 48144 (Sept. 12, 1997)

Upon initial filing, you provided the following evidence regarding this issue:

- Attorney letter;
- Business plan; and
- LLC documents.

Subsequent to the filing of the Form I-129, USCIS requested that you provide additional documentation to establish that you have the control necessary to develop and direct the investment enterprise. USCIS informed you at that time that the evidence was insufficient because:

> Your attorney's support letter makes the following statement to support your "Capacity to Develop and Direct (Ownership & Background)":

>> Mr. IANNUCCI PEREZ owns 100% of MCS and will serve as General Manager, exercising ultimate control of operations. He holds a B.S. in Industrial Engineering (University of South Florida) and has worked full-time in the U.S. construction industry since 2020, giving him the managerial and technical foundation to direct the enterprise (CV, diplomas, and letters - Exhibits 6-7). Control of at least 50% or other operational control satisfies this prong which he exceeds.

> Also, in your business plan, you list a number of duties for yourself, along with the planned duties for a Project Manager and an Administrative Assistant. However, you did not provide any evidence that you have hired a Project Manager or an Administrative Assistant. Moreover, according to your Form I-129, you report having zero employees.

> As noted above, the regulations require that you must be entering "solely to develop and direct" the operations of the enterprise. Therefore, if you are seeking admission in order to primarily engage in skilled and unskilled labor, you are ineligible for the E nonimmigrant visa classification. You may, however, perform "hands on" duties as long as they are incidental to your duties in developing and directing the operations of the enterprise. The evidence indicates that you are not coming here "solely to develop and direct" the enterprise.

The evidence you submitted is insufficient.

You were given an opportunity to submit additional evidence showing you were seeking "solely to develop and direct" the enterprise.

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On October 27, 2025, you responded to that request with the following documentation:

- Articles of organization;

- Sunbiz records;

- Capitalization Table;

- Business plan;

- Organization chart;

- MCS certificate of general liability insurance;

- MCS workers compensation insurance;

- Subcontractor agreements between MCS and subcontractors;

- Open and closed permits;

- Project records;

- Contract agreement between Maze construction services LLC and ███████████, LLC;

- Contract agreement between Maze Construction Services LLC and ██████████;

- Screenshots from the Maze website;

- Screenshots from the Maze official Instagram and LinkedIn accounts;

- Bank of Tampa statements for account ending in 5097;

- 2024-2025 Bank of America Maze credit card statements for account number ████;

- Bank of America Maze Constructions Services LLC – DBA MCS Bank Account statements and checks images;

- Subcontractors W-9s;

- Subcontractors 1099s for 2023 and 2024;

- Transcripts and IRS Federal Income Tax Return declarations for Robert Iannucci for the year 2023;

- Transcripts and IRS Federal Income Tax declarations for Robert Iannucci for the year 2024;

- MCS Office lease agreement;

- Lease Renewal and landlord letter; and

- Photograph of the leased premises.

In your cover letter dated October 24, 2025, you said:

> Under Florida law and industry practice, a licensed General Contractor does not self- perform skilled trades that require state licensing; instead, he permits, directs, and supervises licensed subcontractors (electrical, plumbing, HVAC, and other regulated trades) under his authorization. Mr. IANNUCCI's role is fully executive and managerial in scope-responsible for capital budgeting, subcontractor selection and oversight, permitting, scheduling, quality assurance and control, and client/vendor management. He does not engage in manual labor or skilled trade execution. The enclosed evidence-including executed subcontracts with clearly defined scopes of work, recruiting and payroll records, official corporate ownership filings with the organizational chart, current subcontractor W-9s, detailed duty descriptions within subcontractor agreements, and historical IRS Form 1099s-collectively confirms that Mr. IANNUCCI will develop and direct the enterprise in accordance with 8 C.F.R. §214.2(e)(2).

Additionally, in that same cover letter you also provided an explanation clarifying your duties as a general contractor:

> A Certified General Contractor (CGC) is legally responsible for planning, permitting, directing, and supervising all construction activities, including the work of licensed subcontractors such as electricians, plumbers, and mechanical/HVAC specialists, as provided under Florida Statutes § 489.113(3)(a). Although state law authorizes a CGC to self-perform certain non-licensed scopes-such as framing, drywall, cabinetry, and finishes-the accepted commercial standard in Florida's construction industry, and the model strictly followed by MCS, requires that experienced specialty trades be performed exclusively by subcontractors under the CGC's permit and supervision. This practice ensures compliance with regulatory mandates and establishes transparent accountability for workmanship, safety, and code conformity. Mr. IANNUCCI's Florida licensure, professional résumé, and record of completed projects demonstrate an executive capacity and experience only focused on project management, strategic oversight, and contractual compliance, rather than any manual or craft labor.

> MCS operates as a licensed general contracting and construction consulting company. Robert Iannucci, as owner and principal, is responsible for developing and directing all business activities. On a daily basis, he assigns projects to subcontractors, negotiates and approves their contracts, and ensures all work complies with the Florida Building Code and company quality standards. The administrative assistant, under Mr. Iannucci's direction, prepares permit applications, tracks project accounting, and manages client communications.

Furthermore, the business plan that you have provided shows you will be responsible for fulfilling the various roles within your business enterprise:

> MCS operates as a licensed general contracting and construction consulting company. Robert Iannucci, as owner and principal, is responsible for developing and directing all business activities. On a daily basis, he assigns projects to subcontractors, negotiates and approves their contracts, and ensures all work complies with the Florida Building Code and company quality standards. The administrative assistant, under Mr. Iannucci's direction, prepares permit applications, tracks project accounting, and manages client communications.

The record shows that you are responsible for providing general contracting services and consultations in addition to managing business operations. However, as the sole licensed general contractor at your business enterprise, you are responsible for activities that constitute the day-to-day operations of the enterprise. The record does not include sufficient evidence to show that you will be solely engaged in the development and directing of your enterprise rather than primarily engaged in activities that constitute the day-to-day operations of your enterprise.

You initially indicated that you have zero employees and provided evidence in your RFE response indicating that you have hired an administrative assistant. Additionally, in your RFE response, you stated that you plan to hire independent contractors to perform manual labor duties.

However, it is unclear how your current staffing levels will relieve you from providing professional services, such as overseeing worksite safety, ensuring that construction work provided complies with building requirements and regulations, and that ensuring that your company's work meets acceptable standards for quality and workmanship.

You provided a contract signed by you and ▮▮▮▮▮▮▮ on November 20, 2023. In that contract your duties are listed as follows:

The Contractor and Owner hereby agree as follows:

Agreement to Construct. The contractor agrees to construct in substantial conformance with the plans and specifications that have been supplied to the City of Tampa, as relates to the scope of work specified by this contract. Owner agrees and acknowledges that the supervision of all work performed under this Agreement shall be under the exclusive direction and control of Contractor, including the means, methods, techniques, sequences, or procedures and for the coordination of all portions of the work under this Agreement. The Owner shall not interfere with the work nor cause additional work to be carried out without the express consent of the Contractor. All work on the site shall be done by the Contractor or subcontractor in direct contract with the Contractor unless Owner and Contractor agree otherwise in writing.

Although you are not doing manual labor, as a licensed general contractor, you are using your professional skills and judgment to build and manage projects on behalf of your clients. The evidence does not sufficiently show that you will be able to focus solely on developing and directing your enterprise when you will be required to provide the essential services of your company as its sole licensed general contractor.

In addition, you signed a contract on September 18, 2025, to provide general contracting services to ▮▮▮▮▮▮▮ In part the contract lists your responsibilities for the project in the following manner:

General scope of remaining work by GC:

1) Supervise and coordinate client selected subcontractor work completion to acceptable standards.

2) Permitting and administrative responsibilities for project completion.

3) Carry out inspections prior to city inspections, as well as participating in inspections by the city in a GC capacity.

4) Any other additional scope of work to be performed by GC selected subcontractors by explicit written direction from client.

5) Identify and correct, upon written approval by client, any remaining/incorrect work performed by previous contractor.

As this contract also indicates, you will be responsible for providing duties that constitute the day-to-day operations of a general contracting and consulting company. Instead of overseeing and directing the development of the business, you will directly provide services that are essential to the day-to-day operations of your business.

The contracts that have been provided as evidence of ongoing business show that you are the sole general contractor under whose license MCE has qualified for construction of the negotiated projects.

As such, you will provide the general contracting services for each contract. Providing business management and professional services calls into question whether you are solely developing and directing the enterprise as required of an E-2 investor.

USCIS further notes that you submitted tax documents indicating that you are a W-2 employee for other entities. Additionally, USCIS investigations revealed that your administrative assistant is not employed within commuting distance from your business location, which calls into question whether he will be able to perform duties that will relieve you from your administrative responsibilities.

In conclusion, the contracts and evidence of record show that as the sole general contractor of your firm, you would not be able to solely develop and direct the enterprise. Instead, it appears that you will be involved in the day-to-day operations of the enterprise.

As the only general contractor for your investment enterprise, you will bear responsibility for filing construction permits and scheduling inspections as well as providing construction services, including overseeing personnel at worksites, managing construction projects, and supervising construction operations.

The evidence shows that you will primarily be providing skilled labor as the sole general contractor in your business organization rather than be solely engaged in developing and directing your enterprise.

**Enterprise Not Bona Fide**

The second issue to be discussed is whether you have established that the treaty investor has invested in a bona fide enterprise.

8 CFR § 214.2(e)(13) defines a bona fide enterprise as follows:

> ...The enterprise must be a real, active, and operating commercial or entrepreneurial undertaking which produces services or goods for profit. The enterprise must meet applicable legal requirements for doing business in the particular jurisdiction in the United States.

Upon initial filing, you provided the following evidence regarding this issue:

- Attorney letter;
- Construction license;
- Business plan;
- August 2025 screenshot of bank balance;
- Lease agreement and invoices;
- LLC documents; and
- Tax returns.

USCIS requested that you provide additional documentation to establish that you have invested in a bona fide enterprise. USCIS informed you at that time that the evidence was insufficient because:

> You supplied a copy of your valid Florida construction license, issued to Maze Construction Services in June of 2024. You also submitted a number of LLC documents that indicate you filed your Maze Construction Services with the State of Florida in February of 2022. Moreover, your tax returns indicate that Maze Construction Services was active during 2024. However, you did not submit any documentation to establish your operations.

You submitted a copy of your bank account with Bank of Tampa. However, it appears that account was only opened in August, 2025.

The evidence you submitted is insufficient to establish that the investment enterprise is a real, active, and operating commercial or entrepreneurial undertaking which produces services or goods for profit.

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On October 27, 2025, you responded to that request with the following documentation:

- Articles of organization;

- Sunbiz records;

- Capitalization Table;

- Business plan;

- Organization chart;

- MCS certificate of general liability insurance;

- MCS workers compensation insurance;

- Subcontractor agreements between MCS and subcontractors;

- Open and closed permits;

- Project records;

- Contract agreement between Maze construction services LLC and ███████████ LLC;

- Contract agreement between Maze Construction Services LLC and ████████

- Maze website;

- Maze official Instagram and LinkedIn accounts;

- Bank of Tampa statement ending in 5097;

- Bank of America MAZE credit card statements account number 00012- Year 2024-2025;

- Bank of America Maze Constructions Services LLC – DBA MCS Bank Account statements and check images;

- Subcontractors W-9s;

- Subcontractors 1099s for 2023 and 2024;

- Transcripts and IRS Federal Income Tax Return declarations for Robert Iannucci for the year 2023;

- Transcripts and IRS Federal Income Tax declarations for Robert Iannucci for the year 2024;

- MCS Office lease agreement;

- Lease Renewal and landlord letter; and

- Photograph of the leased premises.

The evidence you have submitted is insufficient.

You have submitted a diagram showing your company's open and completed projects as evidence that your business enterprise is real, active and operating. However, the four projects listed on the diagram raise concerns as to whether they constitute your company's real and actual projects. You submitted evidence about your company's project named "10920 N New constructions," and you indicated that it is located at 10920 N 29th St., Tampa, FL 33612. A second project called "Rob's House" has the same address, 10920 N 29th St., Tampa, FL 33612. It is noted that your current physical address is at 10920 N 29th St., Tampa, FL 33612. Additionally, it is noted that your name is Robert which is commonly shortened to Rob. Therefore, it appears that two of the four projects you claim to be evidence that your business is real, active, and operating are personal projects rather than actual projects completed by your company for actual clients. Also, you have not provided the dates when you began and ended work on these projects.

Additionally, you provided a Construction Consultation Agreement between Maze Construction LLC, DBA MCS and ██████. The contract states that MCS will be responsible for comprehensive project management services for ██████ However, the property identified in the contract is your own residential property. It appears that you are outsourcing renovations on your own house to your company, MCS. to show that the investment enterprise is bona fide.

USCIS further notes that you are the only shareholder of MCS and that ██████ is your previous employer. The nature of your previous relationship to ██████. and the absence of sufficient evidence to demonstrate your current relationship to this company calls into question whether you are doing business with ██████. As such, the record is insufficient to establish ██████ as an actual client.

Similarly, as evidence that your business enterprise is bona fide, you have provided several contracts between MCS and various subcontractors doing work on 10920 N 29th St., Tampa, FL 33612. As the sole investor and shareholder of the investment enterprise and the owner of the residential property located at 10920 N 29th Street, Tampa, FL 33612, USCIS cannot determine the reliability of this evidence and whether it shows that your investment enterprise is a commercial or entrepreneurial undertaking which produces goods and services for profit under 8 CFR 214.2(e)(13).

You have provided a continuing service agreement between Maze Construction Services LLC and ██████████████████ dated June 23, 2025. The contract authorizes your business organization to inspect and provide consultations regarding work done by ██████████ to ensure that work being completed by ██████████████ is completed according to all appropriate building code and regulatory requirements. However, there is no evidence that you have received payment for services provided under this agreement or any other documentation to establish the validity of this agreement.

You have provided documentation relating to two additional projects. One project is labeled "Casablanca" according to the diagram you have submitted along with your cover letter. However, it is noted that there are several estimates and proposals that appear to be signed by you and a prospective client. Although a signed contract and estimates are evidence that some business activity has taken place, it is unknown if these actions are evidence of a bona fide business or simply evidence that there have been negotiations and an agreement for future services in exchange for funds. You have provided a project start date of September 08, 2025, but have not provided an end date.

You have provided a fourth work project named, "██████town House construction." However, you have not provided the start and end work dates. The evidence provided shows that you were responsible for the mechanical, electrical, and plumbing construction tasks according to the work permit you have provided. Although you provided proposals and drawings created for drafting

purposes, you did not provide evidence of work orders and payment received in relation to the drawings submitted. There is no evidence that you received payment for services rendered. Public records show that this project was concluded as of 2022 prior to the establishment of the investment enterprise. Therefore, this project does not show that your business enterprise is real, active, and operational.

The evidence is insufficient to establish that you have invested in a real, active, and operating enterprise that produces services or goods for profit.

### Source of Funds

The third issue to be discussed is whether you have established that the treaty investment funds or assets were not obtained through criminal activity.

8 CFR § 214.2(e)(12) defines "investment" as follows:

> *Investment.* An investment is the treaty investor's placing of capital, including funds and other assets (which have not been obtained, directly or indirectly, through criminal activity) . . .

Upon initial filing, you provided the following evidence regarding this issue:

- Letter of support dated August 29, 2025;

- Business Plan;

- MCS' Bank of Tampa statements for account ending in ▇▇▇; and

- Your 2024 Form 1040 U.S. Individual Income Tax Return.

USCIS requested that you provide additional documentation to establish that the treaty investment funds or assets were not obtained through criminal activity. USCIS informed you at that time that the evidence was insufficient because:

> Your attorney's support letter makes the following statement to support your "Lawful Source and Path of Investment Funds":

>> The total planned capitalization is approximately USD $114,677 for the MCS startup. The record includes personal bank statements/tax returns (source) and transfers to the business operating account with invoices and receipts (path) (Exhibit 10-12). E-2 capital must be lawfully obtained and under the investor's possession and control, which is shown here.

>> You supplied a copy of your August 2025 bank statement which indicates two deposits of $50,000 and $25,000 from "▇▇▇▇▇▇" which occurred on August 26, 2025. However, you provided no information for "▇▇▇▇▇▇". It is noted that you did submit a copy of your 2024 personal tax returns, along with Schedule C that indicates that Maze Construction Services was active at some point during tax year 2024. You did not submit any other information for the source of your claimed planned capitalization amount of USD $114,677 for the MCS startup.

>> As mentioned above, in order to demonstrate how you obtained the funds or other assets that you have invested or are actively in the process of investing, you must show how all the investment funds were obtained ("origination"), where they were deposited before transfer into

the United States ("accumulation"), evidence of the actual transfer of funds, deposit of the investment funds into the account in the United States ("path"), and finally the transfer of funds to the investment enterprise's business account.

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On October 27, 2025, you responded to that request with the following documentation:

- Letter of support dated October 24, 2025;

- Robert Iannucci Perez's Bank of Tampa statements for account ending on 5034;

- Maze Construction Services LLC, MSC, Robert Iannucci Perez's Bank of Tampa statements for account ending on ▮▮▮;

- Robert Iannucci Perez's Bank of Tampa Loan Billing Statement for minaret revolving loan ending on ▮▮▮;

- Notarized Affidavit from Robert Iannucci to Robert Iannucci Perez, dated August 26, 2026;

- Iannfive LLC's Sunbiz record;

- U.S. Department of Housing and Urban Development Settlement Statement;

- Robert Iannucci's Truist bank statement for account ending on ▮▮▮;

- ▮▮▮▮▮ Bank of America statements for account ending on ▮▮▮, and

- ▮▮▮▮▮ Bank of America statements for account ending on ▮▮▮

The evidence you submitted is insufficient. You claim that you obtained a gift from your father in the amount of $50,000, which was derived from the sale of property in 2022. However, the balance from your father's 2025 bank account statement does not sufficiently demonstrate the receipt of the $50,000 from the sale of property. Further, the evidence indicates that any proceeds from the sale of property were commingled with funds from undocumented sources. Although you claim that you invested a total of $98,265, you have not sufficiently documented the source of this money other than the $25,000 are from a line of credit.

The evidence is insufficient to establish that the investment funds or assets were not obtained, directly or indirectly, through criminal activity.

**Qualifying Investment**

The last issue to be discussed is whether you have established that the treaty investment capital is at risk in a commercial sense and subject to partial or total loss and whether your investment is substantial.

8 CFR § 214.2(e)(2) provides the requirements for classification as a treaty investor, in part, as follows:

...An alien, if otherwise admissible, may be classified as a nonimmigrant treaty investor (E-2) under the provision of section 101(a)(15)(E)(ii) of the Act if the alien:

(i) Has invested or is actively in the process of investing a substantial amount of capital...

8 CFR § 214.2(e)(12) defines "investment" as follows:

> *Investment*. An investment is the treaty investor's placing of capital, including funds and other assets (which have not been obtained, directly or indirectly, through criminal activity), at risk in the commercial sense with the objective of generating a profit. The treaty investor must be in possession of and have control over the capital invested or being invested. The capital must be subject to partial or total loss if investment fortunes reverse. Such investment capital must be the investor's unsecured personal business capital or capital secured by personal assets. Capital in the process of being invested or that has been invested must be irrevocably committed to the enterprise. The alien has the burden of establishing such irrevocable commitment. The alien may use any legal mechanism available, such as the placement of invested funds in escrow pending admission in, or approval of, E classification, that would not only irrevocably commit funds to the enterprise, but might also extend personal liability protection to the treaty investor in the event the application for E classification is denied.

8 CFR § 214.2(e)(14) defines "substantial amount of capital" as follows:

> *Substantial amount of capital*. A substantial amount of capital constitutes an amount which is:
>
> (i)  Substantial in relationship to the total cost of either purchasing an established enterprise or creating the type of enterprise under consideration;
>
> (ii) Sufficient to ensure the treaty investor's financial commitment to the successful operation of the enterprise; and
>
> (iii) Of a magnitude to support the likelihood that the treaty investor will successfully develop and direct the enterprise. Generally, the lower the cost of the enterprise, the higher, proportionately, the investment must be to be considered a substantial amount of capital.

Upon initial filing, you provided the following evidence regarding this issue:

- Letter of support dated August 29, 2025;
- Business plan;
- Office Service Agreement;
- Maze Construction Services LLC dba MCS's Regus Statements of Account; and
- Maze Construction Services LLC dba MCS's Regus invoices.

Subsequent to the filing of the Form I-129, USCIS requested that you provide additional documentation to establish that you have invested or are actively in the process of investing a substantial amount of capital. USCIS informed you at that time that the evidence was insufficient because:

> Your attorney's support letter makes the following statement to support your "Investment "At Risk" and Substantial":
>
> > Capital must be at risk in the commercial sense and, if still being deployed, irrevocably committed - mere intent is insufficient. The file shows $75,000 already expended/committed toward startup costs (equipment, licensing, professional services, insurance, branding/marketing), with the balance documented via executed purchase

orders and near-term obligations (Exhibit 10). This satisfies the "in the process of investing" standard and the substantiality test relative to the cost structure of a Florida general-contracting consultancy.

You did not submit any invoices to establish your costs for equipment, licensing, professional services, insurance, branding/marketing, or any other costs you may have incurred. You supplied a copy of your lease agreement, along with invoices for expenses. However, it is unclear that Maze Construction Services LLC actually paid those expenses.

Also, in your Form I-129 E Supplement, you indicate the following: Cash of $72,295, Other of $4850, Inventory of $15,300, and Premises of $5820. You did not provide any evidence for any of those expenses.

The evidence you submitted is insufficient to establish that the capital invested or being invested, including funds and other assets, is at risk in the commercial sense with the objective of generating a profit.

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On October 27, 2025, you responded to that request with the following documentation:

- Letter of support dated October 24, 2025;

- Articles of organization;

- Sunbiz records;

- Capitalization Table;

- Business plan organization chart;

- MCS certificate of general liability insurance;

- MCS workers compensation insurance;

- Subcontractor agreements between MCS and subcontractors;

- Open and closed permits;

- Project records;

- Contract agreement between Maze construction services LLC and ██████████████, LLC;

- Contract agreement between Maze Construction Services LLC and ████████████;

- Screenshots from the Maze website;

- Screenshots from the Maze official Instagram and LinkedIn accounts;

- Maze Construction Services LLC's Bank of Tampa statements for account ending on ██████

- Maze Construction Serv's Bank of America credit card statements for account ending on ██████

- Bank of America Maze Constructions Services LLC – DBA MCS Bank Account statements and check images;

- Subcontractors W-9s;

- Subcontractors 1099s for 2023 and 2024;

- Transcripts and IRS Federal Income Tax Return declarations for Robert Iannucci for the year 2023;

- Transcripts and IRS Federal Income Tax declarations for Robert Iannucci for the year 2024;

- MCS Office lease agreement;

- Lease Renewal and landlord letter;

- Photograph of the leased premises.

- Your general contractor license issued by the State of Florida Department of Business and Professional Regulation Construction Industry Licensing Board;

- Employee records;

- Maze Construction Services LLC's Form 941 for 2025;

- BuildTEC, LLC Fee Agreement and Memo of Understanding;

- Agreement between Maze Construction Services, LLC dba MCS and Thomas Young Group Limited;

- Staffing Master Services Agreement between Maze Construction Services, LLC dba MCS and Nextpath Career Partners, Inc.;

- Maze Construction Services, LLC's annual reports;

- Forms 1099-NEC Nonemployee Compensation issued by Maze Construction Services, LLC;

- Robert Iannucci Perez's Bank of Tampa statements for account ending on ▮▮▮;

- Maze Construction Services LLC, MSC, Robert Iannucci Perez's Bank of Tampa statements for account ending on ▮▮▮;

- Amazon orders summaries;

- Photographs;

- Lowe's purchase summary;

- Print-outs of Lowe's order details and transaction details;

- Home Depot purchase summary;

- Print-outs of Home Depot orders;

- Invoices issued by subcontractors;

- BOFA ▮▮▮ Maze Construction Services LLC DBA MCS Account Summary;

- Maze Construction Services LLC's Bank of America statements for account ending on ▮▮▮

- BOFA CC ▮▮▮ Maze Construction Services LLC DBA MCS Account Summary; and

- Maze BOT ▮▮▮ Statements Summary.

You provided a list of expenses that you have made for the investment enterprise, and you submitted bank statements purporting to demonstrate your investment. However, the record is insufficient to document the investment because it includes evidence of personal use expenses. You have not met

your burden of proof to show that you irrevocably committed funds to the enterprise that corresponds to information on the Form I-129 and the business plan related to the total amount of money invested into the enterprise thus far.

Additionally, you state that the business has $72,296 in cash reserves. However, you have not properly documented this money to show that it is irrevocably committed in the commercial sense to the enterprise.

Although the investment enterprise appears to be engaged in some transactions, the investments and business transactions do not correspond to projections made in your business plan, indicating that you expected to generate $333,996 in the first year. Additionally, the record does not sufficiently document your operating expenses and show that the investment enterprise has sufficient funds irrevocably invested into the business to cover those expenses.

The evidence is insufficient to establish that the investment is at risk in a commercial sense and subject to partial or total loss if investment fortunes reverse.

You are afforded 30 days from the date of this notice to submit additional information, evidence or arguments to support the petition. Additionally, when USCIS serves a notice by mail, three days are added to the prescribed period in which to respond. Any such evidence or arguments will be carefully reviewed prior to a final determination in this matter. Failure to respond, however, will result in adjudication of the petition on the basis of the record, as it is now constituted, including the information referred to above.

**Your response must be received in this office by June 22, 2026.**

For more information, visit our website at **www.uscis.gov** or call us at **1-800-375-5283**.

Telephone service for the hearing impaired: **1-800-767-1833**.

**PLACE THE ATTACHED COVERSHEET AND THIS ENTIRE LETTER ON TOP OF YOUR RESPONSE.**

Sincerely,

Carrie M. Selby
Associate Director, Service Center Operations

**COVERSHEET**
**SCANNING REQUIRED**
PLEASE RETURN THE REQUESTED INFORMATION AND
ALL SUPPORTING DOCUMENTS **WITH**
**THIS PAGE ON TOP TO:**
**USCIS TSC**
**Attn: RFE/NOIT/NOIR/NOID RESPONSE**
**6046 N Belt Line Rd. STE 108**
**Irving, TX 75038-0011**

Please check the appropriate box regarding if there is a new Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, additional fees, additional forms, etc. Please place the new Form G-28, additional fees, additional forms directly under this sheet.

**Yes, there is:**

☐ **A New G-28**         ☐ **Additional Fees**

☐ **Additional Forms**    ☐ **Other:**

If you have moved, write your current address in the blank area below. Please be sure to write clearly.

| (Select appropriate check box) |
|---|
| ☐ **Applicant/Beneficiary**      ☐ **Petitioner** |
| **New Address:** |

As required by Title 8, Code of Federal Regulations (8 CFR) section 265.1, *Reporting change of address*: Except for those exempted by section 263(b) of the Act, all aliens in the United States required to register under section 262 of the Act must report each change of address and new address within 10 days of such change in accordance with instructions provided by USCIS.

**<u>NOTICE OF INTENT TO DENY</u>**

Form I-129, Petition for a Nonimmigrant Worker

IANNUCCI PEREZ, ROBERT

IOE0933710835                                              ,