**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


ROBERT IANNUCCI PEREZ,

      Plaintiff,

v.                                                                    Case No. 8:26-cv-392-KKM-AAS

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES
et al.,

      Defendants.

_____

## <u>ORDER</u>

To facilitate the adjudication of the construed Motion to Dismiss, *see* (Doc. 46), and the Third Amended Motion for a Preliminary Injunction, *see* (Doc. 41), the United States is directed to provide supplemental briefing addressing the below prompts. For purposes of this Order, the hold policy refers to USCIS's implementation of policies articulated in Presidential Proclamations 10949 and 10998 through the imposition of holds on the benefits applications of individuals from certain countries, including as articulated in PM-602-1092 and PM-602-0194.

### 1. Status Update

What is the status of Robert Iannucci Perez's applications (or those filed with him as a beneficiary) with USCIS? Specifically, the I-129 E-2 petition.

**2. Application of the Hold Policy to Plaintiff**

(a)     Explain whether USCIS understands the hold policy to apply to "any dual national" of a non-restricted country "when the individual is traveling on a passport issued by [the non-restricted country]," notwithstanding the exceptions for these individuals under Presidential Proclamations 10949 and 10998. *See Perez v. United States Citizenship & Immigr. Servs.*, No. 8:26-CV-392-KKM-AAS, 2026 WL 1102776, at *2 (M.D. Fla. Apr. 23, 2026) *(*quoting 90 Fed. Reg. at 24503 & 90 Fed. Reg. at 59727).

(b)     If USCIS believes the hold policy applies to such dual-national individuals, identify whether USCIS applied the policy against Perez, who is both a Venezuelan and Italian national. *See* USCIS Letter to Sen. Ashley Moody's Office (Doc. 9-2) at 2 (explaining that USCIS had imposed an "adjudicative hold" on applications pending a national security review).

**2.     Consequences of the Granted I-140 Application**

Identify the consequences for Perez's immigration status of USCIS's decision to grant Perez's I-140 application, and what—if any—distinct benefits Perez would obtain if USCIS granted any of Perez's other pending petitions, including the I-129, I-485, I-765, and I-131 petitions. *See* 3d. Am. Compl. (Doc. 40) ¶ 7. Clarify whether the benefits from I-140 and I-129 petitions are duplicative.

**3.    USCIS Authorities**

Identify the statutory and regulatory authorities that govern the adjudication of I-140 and I-129 petitions and Form I-290B motions, and specify which—if any—provisions give USCIS discretion over the timing and criteria of adjudication. *See Acosta Reynoso v. United States Citizenship & Immigr. Servs.*, No. 8:26-cv-1314-KKM-NHA (M.D. Fla. July 3, 2026), Doc. No. 29 at 8–10 (discussing USCIS's discretion with respect to various petition types).

Accordingly, the following is **ORDERED**:

1.    No later than **July 10, 2026**, USCIS must provide supplemental briefing addressing all questions listed in this Order. To the extent the above requests a factual admission, the briefing must attach an affidavit from an appropriate government official.

**ORDERED** in Tampa, Florida, July 3, 2026.


Kathryn Kimball Mizelle
United States District Judge

3