UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT IANNUCCI PEREZ )
)
    Plaintiff, )
)
vs. ) CASE NO. 8:26-CV-00392-KKM-AAS
)
USCIS, et al. )
)
    Defendants. )
_____/

**SUPPLEMENTAL BRIEFING.**

The Defendants provide supplemental briefing to the court's prompts.   Dkt. 53.

1. <u>Status update</u>.

    a.  Plaintiff's Form I-290B Notice of Appeal or Motion (Receipt number IOE0934863517) was granted on March 19, 2026.

    b.  Plaintiff's Form I-129 Petition for a Nonimmigrant Worker ("E-2 petition") (Receipt number IOE0933710835 ) is pending. The agency issued a Notice of Intent to Deny ("NOID") on May 19, 2026, giving Plaintiff until June 22, 2026 to respond with additional evidence to establish E-2 eligibility. On June 22, 2026, Plaintiff notified the Assistant U.S. Attorney assigned to this case that his NOID response had been delivered to USCIS on June 18, 2026. On June 25, 2026,

1

USCIS accepted Plaintiff's NOID response as timely submitted and uploaded it to USCIS systems. USCIS is actively reviewing the NOID response and will issue a final decision on Plaintiff's Form I-129 petition by Friday, July 31, 2026.

c. Plaintiff's Form I-140 Immigrant Petition for Alien Worker (Receipt number IOE0936089367) was approved on June 1, 2026.

d. Plaintiff's Form I-485 Application to Register Permanent Resident Status or Adjust Status (Receipt number IOE0936636529), Form I-765 Application for Employment Authorization (Receipt number IOE0936636530) and Application for Travel Document (Receipt number IOE0936636532) were filed concurrently on May 1, 2026 and are pending

2. Application of the Hold Policy to Plaintiff

USCIS is not currently holding the adjudication of any of Plaintiff's petitions and applications pursuant to the policy statements made after Presidential Proclamations 10949 and 10998. The adjudication of Plaintiff's petitions and applications are being handled in the normal course.

2. <u>Consequences of the Granted I-140 Application</u>

Plaintiff through his petitioner, Ranon Inc., filed the Form I-140, on March 19, 2026.   The Form I-140 petition was filed under the category, E-32, Professional, pursuant to 8 U.S.C. § 1153(b)(3)(A)(ii).

The granting of the Form I-140 petition gives Plaintiff a priority date of October 15, 2024. Plaintiff may adjust his status, or become a legal permanent resident (LPR) when his priority date is current or is earlier than the Final Action Date pursuant to the U.S. Department of State Visa Bulletin for Third preference categories [available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2026/visa-bulletin-for-july-2026.html] and USCIS grants Plaintiff the Form I-485, Application to Register Permanent Residence or Adjust Status. Currently, immigrant visas in the E-32 category are available to applicants whose priority date is on or before August 1, 2024. LPR status confers several significant privileges including the ability, generally, to live permanently in the United States, to work for any employer, and to enter the United States in LPR status after foreign travel.

**What, if any, distinct benefits would Plaintiff obtain if USCIS granted any of Perez's other pending petitions?**

Form I-129

If USCIS grants Plaintiff's Form I-129 petition, he will receive employment authorization to work solely for the E-2 treaty enterprise for an initial two-year period. Plaintiff may be eligible for extensions of the validity period in two-year increments by timely filing a Form I-129 Petition for a Nonimmigrant Worker.

Form I-485

If USCIS grants Plaintiff's Form I-485, Plaintiff will be given LPR status. This confers several significant privileges including the ability, generally, to live permanently in the United States, to work for any employer, and to enter the United States in LPR status after foreign travel.

Form I-765

If USCIS grants Plaintiff's Form I-765, Plaintiff will be given employment authorization. He will be able to work for any employer while his employment authorization document is valid.

Form I-131

If USCIS grants Plaintiff's Form I-131, Plaintiff will be issued an Advance Parole travel document. He will be able to use this document to reenter the United States after foreign travel as an alien with a pending adjustment of status application.

4

**Are the benefits from the Form I-140 and I-129 petitions duplicative?**

The benefits from an approved Form I-140 and Form I-129 are not duplicative. An approved Form I-140 does not confer Plaintiff with a nonimmigrant status nor does it give him employment authorization, while an approved Form I-129 will. However, an approved Form I-140 gives Plaintiff the basis for adjusting his status to a legal permanent resident (LPR). LPRs enjoy employment authorization and the ability to travel and reenter the United States in LPR status.

3. <u>USCIS Authorities</u>

a. <u>Form I-140 Immigration Petition for Alien Worker, E-32 Petition</u>

The Immigration and Nationality Act (INA) governs the issuance of immigrant visas to aliens seeking admission to the United States as employment-based immigrants.   8 U.S.C. § 1153(b).   Authority to administer this statute has been delegated to the Secretary of Homeland Security and sub-delegated to USCIS. See 8 U.S.C. § 1103(a)(1); 8 C.F.R. § 2.1.

Those who seek to petition aliens for permanent employment go through three steps:

> a.  First, the company must file an immigrant labor certification application with the Department of Labor. INA §§ 203(b)(3)(C), 212(a)(5); 8 U.S.C. §§ 1153(b)(3)(C), 1182(a)(5).
> b.  Second, after the application is approved, the employer must file an I140 visa petition on the immigrant's behalf with USCIS. INA § 204(a)(1)(F); 8 U.S.C. § 1154(a)(1)(F); 8 C.F.R. § 204.5(a).

c.  Third, if the I–140 visa petition is approved, the immigrant and his spouse can file an I–485 application for adjustment of status. INA §§ 203(d), 245(a); 8 U.S.C. §§ 1153(d), 1255(a); 8 C.F.R. § 245.2(a)(2).

*Kurapati v. U.S. Bureau of Citizenship and Immigration Services*, 775 F.3d 1255, 1258 (11th Cir. 2014).   The first step in the process, the labor certification, is governed by the Department of Labor; it is not part of USCIS's adjudicative authority and thus not discussed below.

A. Employment-Based Immigrant Visas

Employment-based immigrant visas are subject to the worldwide levels specified under 8 U.S.C. § 1151(d).   Employment-based immigrant visas are distinguished by category.   8 U.S.C. § 1153(b) (*Cf.* An employment-based immigrant visa under E-32, Professional, is defined as "Qualified immigrants who hold baccalaureate degrees and who are members of the professions." 8 U.S.C. § 1153(b)(3)(A)(ii).   The INA states "the term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."   8 U.S.C. § 1101(a)(32).   Relatedly, 8 C.F.R. § 204.5(k)(2) also defines "profession" as "the occupations listed in section 101(a)(32) of the Act, as well as any occupation for which a United States baccalaureate degree or its foreign equivalent is the minimum requirement for entry into the occupation."   Moreover, under subsection (l), "Skilled workers, professionals, and other workers[]", professions are defined as

6

"[q]ualified immigrants who hold baccalaureate degrees and who are members of the professions." 8 C.F.R. § 204.5(k)(2).   A United States bachelor's degree is generally found to require four years of education. *See Matter of Shah*, 17 I&N Dec. 224 (Reg'l. Comm'r. 1977).

"To gain approval of the petition before USCIS, the employer must prove three things: (1) it has a valid labor certification; (2) it can pay the offered wage; and (3) the offer is bona fide. USCIS is charged with investigating the facts underlying each petition and determining whether they are true.   8 U.S.C. § 1154(b).   Plaintiff has the burden of proof before USCIS.   8 U.S.C. § 1361." *Peopletech Grp. Inc. v. DHS*, No. C19-1959 MJP, 2022 WL 102033, at *1 (W.D. Wash. Jan. 11, 2022) (emphasis added). *See also Matter of Skirball Cultural Ctr.*, 25 I&N Dec. 799, 806 (AAO 2012) ("In visa petition proceedings, the burden of proving eligibility for the benefit sought remains entirely with the petitioner.").   Once an employer obtains labor certification from the Department of Labor, it can petition the USCIS to classify a specific non-national beneficiary as an employment-based immigrant using a Form I-140. *See* 8 C.F.R. § 204.5(c).   USCIS will assign the petition a priority date which "shall be the date the labor certification application was accepted for processing by any office of the Department of Labor."   8 C.F.R. § 204.5(d).   USCIS's duty is then to investigate the visa petition and, if appropriate, approve it.   *See* 8 U.S.C. § 1154(b).

B.  Adjustment of Status on an Employment-Based Immigrant Visa

Subsequent to the granting of an immigrant visa under 8 U.S.C. § 1153(b)(3), an alien "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."   8 U.S.C. § 1255(a).

The Secretary of State under the U.S. Department of State statutorily "may make reasonable estimates of the anticipated numbers of visas to be issued during any quarter of any fiscal year within each of the categories under subsections (a), (b), and (c) and to rely upon such estimates in authorizing the issuance of visas."   8 U.S.C. § 1153(g).   The regulations also explain that the availability of an immigrant visa is dependent upon the U.S. Department of State, Bureau of Consular Affairs, The Visa Bulletin ("Visa Bulletin"):

> An alien is ineligible for the benefits of section 245 of the Act [adjustment of status] unless an immigrant visa *is immediately available to him or her at the time the application is filed*. If the applicant is a preference alien, the current Department of State Bureau of Consular Affairs Visa Bulletin will be consulted to determine whether an immigrant visa is immediately available. *A preference immigrant visa is considered available for accepting and processing if the applicant has a priority date on the waiting list which is earlier than the date shown in the Bulletin (or the Bulletin shows that numbers for visa applicants in his or her category are current).*

8

8 C.F.R. § 245.1(g)(1) (emphasis added).   The Visa Bulletin for July 2026,

Final Action Dates for is updated monthly and divided into several Employment-

Based Preference Cases.   The Visa Bulletin for July 2026, Number 16, Volume XI, is

available at: https://travel.state.gov/content/travel/en/legal/visa-law0/visa-

bulletin/2026/visa-bulletin-for-july-2026.html#ExternalPopup.   The preference

category, "Third", is defined as "Skilled Workers, Professionals, and Other Workers:

28.6% of the worldwide level, plus any numbers not required by first and second

preferences, not more than 10,000 of which to "Other Workers"."   The website also

details the procedures for determining dates, "[i]f not all demand could be satisfied,

the category or foreign state in which demand was excessive was deemed

oversubscribed. The final action date for an oversubscribed category is the priority

date of the first applicant who could not be reached within the numerical limits.

under the Final Action Date."   Id. at A. Statutory Numbers for Preference

Immigrant Visas, ¶ (1).   Thus, "the listing of a date for any class indicates that the

class is oversubscribed (see paragraph 1)".

As the Eleventh Circuit Court of Appeals explained:

> [The Department of State] publishes a monthly Visa Bulletin that lists the
> cut-off date, called the "Final Action Date," for visa availability by visa
> category and country. See 8 C.F.R. § 245.1(g)(1). See also U.S. Dep't of
> State, Bureau of Consular Affairs, The Visa Bulletin, available at
> https://travel.state.gov/content/travel/en/legal/visa-law0/visa-
> bulletin.html. A visa is considered available if the applicant's priority date
> (i.e., the spot in the visa queue) is earlier than the Final Action Date (i.e.,

the cut-off date for visa numbers) shown in the Visa Bulletin. *See* 8 C.F.R. § 245.1(g)(1).

*Kanapuram v. Director*, USCIS, 131 F.4th 1302, 1305 (11th Cir. 2025).   The Visa Bulletin for July 2026, Final Action Dates for Employment-Based Preference Cases under the 3rd preference category is August 1, 2024.   Therefore, only aliens who have a priority date of August 2024 or earlier may have their status adjusted under the third preference employment-based immigrant category.

Form I-129 Petition for Nonimmigrant Worker, requesting E-2 classification

The statutory authority for E-2 treaty investors is found at INA § 101(a)(15)(E). It describes a Treaty Investor as:

> (E) an alien entitled to enter the United States under and in pursuance of the provisions of a treaty of commerce and navigation between the United States and the foreign state of which the alien is a national (or, in the case of an alien who acquired the relevant nationality through a financial investment and who has not previously been granted status under this subparagraph, the foreign state of which the alien is a national and in which the alien has been domiciled for a continuous period of not less than 3 years at any point before applying for a nonimmigrant visa under this subparagraph), and the spouse and children of any such alien if accompanying or following to join such alien; (i) solely to carry on substantial trade, including trade in services or trade in technology, principally between the United States and the foreign state of which the alien is a national; (ii) solely to develop and direct the operations of an enterprise in which the alien has invested, or of an enterprise in which the alien is actively in the process of investing, a substantial amount of capital; or (iii) solely to perform services in a specialty occupation in the United States if the alien is a national of the Commonwealth of Australia and with respect to whom the Secretary of Labor determines and certifies to the Secretary of Homeland Security and the Secretary of State that the intending

employer has filed with the Secretary of Labor an attestation under section 1182(t)(1) of this title;

The regulatory authority for E-2 Treaty Investors is found at 8 C.F.R. § 214.2(e(2), which states that:

> (2) Treaty investor. An alien, if otherwise admissible, may be classified as a nonimmigrant treaty investor (E-2) under the provision of section 101(a)(15)(E)(ii) of the Act if the alien:
> (i) Has invested or is actively in the process of investing a substantial amount of capital in a bona fide enterprise in the United States, as distinct from a relatively small amount of capital in a marginal enterprise solely for the purpose of earning a living;
> (ii) Is seeking entry solely to develop and direct the enterprise; and
> (iii) Intends to depart the United States upon the expiration or termination of treaty investor (E-2) status.

<u>Form I-290B Notice of Appeal or Motion</u>

The statutory authority that governs the Form I-290B is 8 U.S.C. §1103, which includes the following powers and duties:

> §1103. Powers and duties of the Secretary, the Under Secretary, and the Attorney General
> (a) Secretary of Homeland Security
> (1) *The Secretary of Homeland Security shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens, except insofar as this chapter or such laws relate to the powers, functions, and duties conferred upon the President, Attorney General, the Secretary of State, the officers of the Department of State, or diplomatic or consular officers: Provided, however, That determination and ruling by the Attorney General with respect to all questions of law shall be controlling.*
> (2) He shall have control, direction, and supervision of all employees and of all the files and records of the Service.
> (3) *He shall establish such regulations*; prescribe such forms of bond, reports, entries, and other papers; issue such instructions; and perform

11

such other acts as he deems necessary for carrying out his authority under the provisions of this chapter.

(4) He may require or authorize any employee of the Service or the Department of Justice to perform or exercise any of the powers, privileges, or duties conferred or imposed by this chapter or regulations issued thereunder upon any other employee of the Service.

(5) He shall have the power and duty to control and guard the boundaries and borders of the United States against the illegal entry of aliens and shall, in his discretion, appoint for that purpose such number of employees of the Service as to him shall appear necessary and proper.

(6) He is authorized to confer or impose upon any employee of the United States, with the consent of the head of the Department or other independent establishment under whose jurisdiction the employee is serving, any of the powers, privileges, or duties conferred or imposed by this chapter or regulations issued thereunder upon officers or employees of the Service.

The regulatory authority that governs the Form I-290B is 8 CFR § 103.5

Reopening or reconsideration.

(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases —

(1) When filed by affected party —

(i) General. Except where the Board has jurisdiction and as otherwise provided in 8 CFR parts 3, 210, 242 and 245a, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision. Motions to reopen or reconsider are not applicable to proceedings described in § 274a.9 of this chapter. Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

12

(ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations.

(iii) Filing Requirements. A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:

(A) In writing and signed by the affected party or the attorney or representative of record, if any;

(B) Accompanied by a nonrefundable fee as set forth in 8 CFR 106.2;

(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;

(D) Addressed to the official having jurisdiction; and

(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.

(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i) The requested evidence was not material to the issue of eligibility;

(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or

(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

The above provisions provide the criteria for USCIS to approve or grant a Form I-140, Form I-129, and Form I-290B. However, there are no provisions that give USCIS discretion over the timing of adjudication. There are also no provisions that require USCIS to adjudicate these petitions in a specified period of time.

On Plaintiff's Form I-129, Part 2, Question 4b., Plaintiff requests a change of status and an extension of his stay in a nonimmigrant status. 8 CFR 214.1(c)(5) provides that requests to extend status may be granted at the discretion of the Service. 8 CFR 214.1(c)(5) states:

Decision in Form I-129 or I-539 extension proceedings. Where an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service. There is no appeal from the denial of an application for extension of stay filed on Form I-129 or I-539.

Although 8 U.S.C. § 1571 states that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a

14

nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition," courts in the Eleventh Circuit have held that this statute does not create an enforceable timeline in which USCIS is required to adjudicate immigration benefit requests. In *Osechas Lopez v. Mayorkas*, 649 F.Supp.3d 1278 (2023), the court cited *Lambert v. Austin Ind.*, 544 F.3d 1192, 1196 (11th Cir. 2008) and its conclusion that "should" in 8 U.S.C. § 1571 is "permissive, rather than mandatory language." And it noted that in the Fifth Circuit, it was held that the "sense of Congress" language "merely expresses Congress's sense of the adjudicate process," and does not indicate that USCIS has a "plainly prescribed" duty to adjudicate a petition within any specific time frame." *See Bian v. Clinton*, 605 F.3 249, 255 (5th Cir. 2010).

15

Respectfully submitted,

**GREGORY W. KEHOE**
United States Attorney

By:    *s/ John F. Rudy, III*
**JOHN F. RUDY, III**
Assistant United States Attorney
Lead Counsel for Federal Respondents
Florida Bar No. 0136700
400 Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Fax: (813) 274-6198
E-Mail:  john.rudy@usdoj.gov

16