**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT IANNUCCI PEREZ,

Plaintiff,

v. Case No. 8:26-cv-392-KKM-AAS

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES et al.,

Defendants.

---

**ORDER**

Proceeding pro se, Robert Iannucci Perez seeks an injunction requiring the United States Citizenship and Immigration Services (USCIS) to adjudicate his Form I-140 and I-290B/I-129 petitions and other equitable relief. *See* 3d Am. Compl. (Doc. 40). He also requests a declaration that USCIS misinterpreted the Immigration and Nationality Act (INA) and violated the Administrative Procedure Act (APA) and the Due Process Clause of the Fifth Amendment. *Id.* Since Perez filed this action, USCIS granted Perez's petitions, *see* (Docs. 46, 46-1, 46-2 59), and now seeks to dismiss the action as moot, MTD

(Doc. 46).[1] I dismiss this action without prejudice for lack of subject matter jurisdiction.

Robert Iannucci Perez is a dual national of Venezuela and Italy who "was lawfully admitted to the United States" as a nonimmigrant in 2021.[2] 3d Am. Compl. ¶ 54. The complaint indicates that his visas expired in June 2024, and his temporary protected status ended in November 2025. *See id.*

In May 2026, Perez filed the third amended complaint and motion for a preliminary injunction to require USCIS to adjudicate his Form 290B/I-129 and I-140 petitions and remove the alleged imposition of an adjudicatory hold. *See* 3d Am. Compl.; 3d Am. Mot. PI (Doc. 41). He brings eight counts: unlawful withholding or unreasonable delay of adjudication in violation of the APA (Count I & III); mandamus (Counts II & IV); agency action that is contrary to law, arbitrary and capricious, or in excess of statutory authority under the APA (Counts V–VII); and denial of procedural due process under the Fifth Amendment to the United States Constitution (Count VIII). 3d Am. Compl. ¶¶ 124–182.

[1] Although USCIS labeled its brief as a response to Perez's third amended motion for a preliminary injunction, the brief also moves to dismiss the third amended complaint, *see* MTD at 3, and I construed it as such, *see* (Doc. 48).

[2] My order dismissing Perez's amended complaint recounts the facts in greater detail. *See generally* (Doc. 34).

On June 1 and July 16, 2026, respectively, USCIS approved Perez's Form I-140 and I-129 petitions. *See* MTD at 2; Notice (Doc. 59); E-2 Approval (Doc. 59-1); *see generally* Suppl. (Doc. 54) at 3 (explaining the consequences of Perez's granted I-140 petition). USCIS maintains that the action is moot.[3] *See* MTD. With none of the petitions still pending before the agency, I agree.

"It is not enough that a dispute was very much alive when suit was filed." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation modified). If "events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all the relief he might have won in it," then "a federal court must dismiss the case as moot." *FBI v. Fikre*, 601 U.S. 234, 240 (2024).

"The fundamental question is whether events have occurred that deprive [me] of the ability to give [Perez] meaningful relief." *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022). To the extent that Perez seeks an injunction

[3] On June 5, 2026, the United States District Court for the District of Rhode Island purported to vacate USCIS's "Benefits Hold Policy," which the court described as "USCIS's decision to place a hold on all adjudications of immigration benefit requests submitted by people from the Travel Ban Countries," including Venezuela. *See Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-CV-132-JJM-PAS, 2026 WL 1622708, at *8 (D.R.I. June 5, 2026), *judgment entered*, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026). Thereafter, USCIS announced that it is not enforcing the hold policy. USCIS, *Court Order on Hold Policies* (June 12, 2026), https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies [https://perma.cc/K5K8-6TR9] (last visited July 20, 2026). With respect to Perez, USCIS represented that it was not applying any hold to the adjudication of Perez's petitions. *See* Suppl. at 2.

compelling USCIS to adjudicate these petitions or the Form I-290B Motion to Reopen and Reconsider, his action is plainly moot, as USCIS has already given him the relief he seeks: adjudication of the petitions. "Even though [Perez] may find value in a court order opining on the merits of USCIS's decisions, '[i]t is a federal court's judgment, not its opinion, that remedies an injury,' and 'thus it is the judgment, not the opinion, that demonstrates redressability.' " *Thompson v. DHS*, No. 8:24-CV-349-KKM-AAS, 2025 WL 417728, at *3 (M.D. Fla. Feb. 6, 2025) (quoting *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023)). Perez's injury of indeterminacy on his petitions has been fully redressed by USCIS and no injunction by the Court could further remedy that harm. Perez's arguments related to the doctrine of voluntary cessation and controversies capable of repetition, yet evading review fail to persuade, *see Djadju*, 32 F.4th at 1109; Reply (Doc. 51) at 8–11, and Perez does not identify the specific collateral consequences he is at risk of or my authority to remedy them, *see* Reply at 8–9.

Adjudication also moots the remaining forms of relief requested—assuming they were ever available—including that I limit the bases upon which USCIS may rely in adjudication, *see* 3d Am. Compl. ¶ 207, and declare (1) that USCIS's now-reversed rejection of his prior I-129 petition was legally erroneous, *id.* ¶ 202; (2) that the adjudicatory hold violated the APA, *id.* ¶ 199; and (3) that USCIS violated his due process rights, *id.* ¶ 211.

Perez likewise asks that I direct USCIS to change its legal strategy in Perez's removal proceedings. *See id.* ¶¶ 167–68, 205. This request is clearly moot as the proceedings were terminated. *See id.* ¶ 77 But, even if not, Perez does not identify any authority granting an Article III court the power to dictate the contents of a federal agency's legal filings, nor am I aware of one. *See id.* ¶ 205.

Last, Perez requests an order that USCIS use its "available discretion" to remediate any "adverse consequences" that might have resulted from the hold. *Id.* ¶¶ 208, 214. He does not identify "adverse consequences" but references the possible accrual of unlawful presence. *See id.* ¶ 105 n.4. Nor does Perez explain what would remediate these unspecified consequences. More problematically, Perez identifies no authority granting the judicial branch the power to direct the Executive on how to exercise its "available discretion." And even if he had, this request is either moot or not yet ripe. *See Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018) ("[A] federal court has no authority to give opinions upon moot questions or abstract propositions . . . ." (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992))).

Accordingly, the following is **ORDERED**:

1. The Motion to Dismiss (Doc. 46) is **GRANTED**.
2. The Third Amended Complaint (Doc. 40) is **DISMISSED WITHOUT PREJUDICE**.

3. The Third Amended Motion for a Preliminary Injunction (Doc. 41) is **DENIED AS MOOT**.

4. The Clerk is directed to **TERMINATE** any deadlines, hearings, and pending motions, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, July 23, 2026.

Kathryn Kimball Mizelle
United States District Judge